728 A.2d 949

**F. Joseph MERLINO, Deborah Thomas, Justine Vigilante, Charles Brown, Lawrence Arata, III**

**v.**

**DELAWARE COUNTY, Thomas J. Killion, Wallace H. Nunn, Kathrynann W. Durham, John J. McFadden, Tim Murtaugh, Pennsylvania Department of Environmental Protection.**

**Appeal of Delaware County, Thomas J. Killion, Wallace H. Nunn, Kathrynann W. Durham, John McFadden, Tim Murtaugh.**

Supreme Court of Pennsylvania.

Submitted March 17, 1999.

Decided May 3, 1999.

Reargument Denied July 1, 1999.

2. Appellant's driving record reveals that her operating privileges had been suspended over thirty times.

Francis X. Crowley, Media, for Delaware County, et al.

W. Stanley Sneath, Conshohocken, for Dept. of Environmental Protection.

Paul Boni, Philadelphia, for Joseph Merlino, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

This direct appeal presents the question of whether prevailing citizens in an action under the Storm Water Management Act, 32 P.S. §§ 680.1–680.17 (the "Act"), may recover counsel fees pursuant to Section 15(b) of the Act, which allows for an award of "the expense of such proceedings" against a violator. We hold that Section 15(b) does not support the Appellees' claim for such recovery. Accordingly, we reverse the order of the Commonwealth Court awarding attorneys' fees.

In 1991, appellees F. Joseph Merlino, Deborah Thomas, Justine Vigilante, Charles Brown and Lawrence Arata III ("Appellees") initiated a citizens' suit under the Act in the original jurisdiction of the Commonwealth Court. The action sought to compel the County of Delaware to prepare and

adopt a storm water management plan for the Darby Creek Watershed. Appellees moved for summary judgment, and, on May 15, 1998, the Commonwealth Court granted their motion, stating as follows:

Petitioners have established their standing to bring this action against the County and have demonstrated harm because of the County's violation of the Act. The County has produced nothing to contradict the Petitioners' averments of harm. The County has admitted its continuing violation of the Act and has produced nothing to excuse that violation under the provisions of the Act. This is not an insignificant matter. The Act specifically states the General Assembly's findings that inadequate storm water management is a threat to the health and safety of the public and that comprehensive plans to address storm water management are "fundamental" to the public health, safety, and welfare and the interests of the Commonwealth as a whole. 32 P.S. § 680.2. The General Assembly's serious concern and expression of urgency regarding these "fundamental" matters is stated or implied throughout the Act.

*Merlino v. Delaware County,* 711 A.2d 1100, 1109 (Pa.Cmwlth. 1998). The Commonwealth Court directed the County to prepare a storm water management plan on an expedited basis, and to submit such plan to the Pennsylvania Department of Environmental Protection for approval. *Id.*

Appellees subsequently filed a petition seeking an award of attorneys' fees and costs pursuant to Section 15 of the Act, which provides for civil remedies. In addition to establishing the basis for citizens' suits to abate violations of the Act, Section 15(b) also provides that "[t]he expense of such proceedings shall be recoverable from the violator in such manner as may now or hereafter be provided by law." 32 P.S. § 680.15(b).

On October 19, 1998, after notice and hearing, the Commonwealth Court entered an order awarding attorneys' fees and costs in Appellees' favor in the amount of $53,053.11. In its supporting memorandum, the Commonwealth Court rejected the County's argument that the terms of Section 15(b) do not

provide a basis for the recovery of attorneys' fees and costs, stating as follows:

> Black's Law Dictionary 577 (6th ed.1990) defines the term "expense" as, *inter alia* "The expenditure of money, time, labor, resources, and thought. That which is expended in order to secure benefit or bring about a result." Webster's Ninth New Collegiate Dictionary 437 (1989) similarly defines "expense" as, *inter alia,* "something expended to secure a benefit or bring about a result."

> Under such broad definition of "expense," any expenditures incurred in the proceeding brought under the Act can be considered expense. This Court concludes, therefore, that the term "expense" under Section 15(b) includes attorney's fees as well as litigation costs incurred in this action commenced to prevent and abate the County's violations of the Act, and that Petitioners are therefore entitled to attorney's fees and litigation costs.

*Merlino v. Delaware County,* No. 440 M.D.1993, *slip op.,* at 3 (Oct. 19, 1998). This direct appeal followed, limited to the issue of whether the Act establishes a basis for recovery of attorneys' fees.

This Court has consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception. *Chatham Communications, Inc. v. General Press Corp.,* 463 Pa. 292, 300–01, 344 A.2d 837, 842 (1975)(quoting *Corace v. Balint,* 418 Pa. 262, 271, 210 A.2d 882, 886–87 (1965)); *In re Kling,* 433 Pa. 118, 121, 249 A.2d 552, 554 (1969); *Shapiro v. Magaziner,* 418 Pa. 278, 280, 210 A.2d 890, 892 (1965). *See generally* 42 Pa.C.S. § 2503(10)(providing that "a litigant is entitled to attorneys' fees as part of the taxable costs, only in circumstances specified by statute heretofore or hereafter enacted"). In the present case, Appellees contend that the terms of Section 15(b) requiring the payment of "the expense of such proceeding" constitute the necessary statutory authorization.

Certainly, as a matter of common parlance, attorneys' fees may be considered a form of "cost" or "expense" to a litigant. As noted, however, a statutory provision must be explicit in order to allow for the recovery of this particular form of expense. The General Assembly has employed the requisite specificity to authorize the recovery of counsel fees in the context of numerous other remedial enactments,[1] and, had it intended to permit such recovery pursuant to the terms of Section 15(b), could have done so in the Act. In the absence of such express statutory authorization, employment of the term "expense" in Section 15(b) is insufficient to constitute a basis for the award of attorneys' fees under the Act.[2]

1. *See, e.g.,* 35 P.S. § 691.307 (appeals to the Environmental Hearing Board involving industrial waste discharge); 35 P.S. § 4013.6(f) (suits to abate nuisances and restrain violations under the Air Pollution Control Act); 35 P.S. § 7130.508(d) (citizens' suits under the Radioactive Waste Disposal Act); 35 P.S. § 7201.315 (enforcement provisions of the Building Energy Conservation Act); 41 P.S. § 503 (remedial provisions related to maximum interest rates chargeable); 43 P.S. § 260.9a (civil remedies and penalties provision of the Wage Payment and Collection Law); 52 P.S. § 30.63 (citizens' suits under the Coal Refuse Disposal Control Act); 52 P.S. § 1406.13(f)(enforcement proceedings under the Bituminous Mine Subsidence and Land Conservation Act); 73 P.S. § 1958 (civil cause of action under the Automobile Lemon Law); Act of June 18, 1982, P.L. 537, No. 154, § 2 (civil remedies related to ethnic intimidation).

2. This interpretation is consistent with federal jurisprudence, *see, e.g., Key Tronic Corp. v. United States,* 511 U.S. 809, 814–15, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994)(stating that "[o]ur cases establish that attorney's fees generally are not a recoverable cost of litigation absent explicit congressional authorization[;][r]ecognition of the availability of attorney's fees therefore requires a determination that 'Congress intended to set aside this longstanding American rule of law' " (citations omitted)), as well as the law of other states. *See, e.g., Rocky Mountain Fire & Cas. Co. v. Rose,* 62 Wash.2d 896, 385 P.2d 45, 47–48 (1963)("[w]e have repeatedly held that 'costs' do not include attorneys' fees (other than statutory)," and "[t]he term 'costs' is synonymous with the term 'expense[;]' [c]osts are allowances to a party for the expense incurred in prosecuting or defending a suit, and the word 'costs,' in the absence of statute or agreement, does not include counsel fees" (citations omitted)); *Hardware Mut. Cas. Co. v. Butler,* 116 Mont. 73, 148 P.2d 563, 568 (1944)("it must be borne in mind that the term 'expense' or 'expenses,' as employed in a statute, ordinarily does not include 'attorneys' fees' "); *Delaware L. & W.R. Co. v. Fengler,* 288 N.Y. 141, 42 N.E.2d 6, 6–7 (1942); *Conservatorship of Du Nah,* 106 Cal.App.3d 517, 523, 165 Cal.Rptr. 170 (Cal.Ct.App.1980)("had the Legislature desired to include attorneys fees among the expenses recoverable by an improp-

The order of the Commonwealth Court is reversed to the extent that it awards counsel fees.

erly cited citee, it could have defined 'necessary expenses' to so state[;][i]t did not, and absent some express statutory or contractual authorization for such fees, we apply the general rule that attorneys fees are not recoverable by the successful party against an opposing party"); *Hayman v. Morris*, 37 N.Y.S.2d 884, 891–92 (N.Y.Sup.Ct.1942)("attorneys fees are not ordinarily included in the term 'costs' or 'expenses' ").