**Patricia Marie SHERIFF, Appellee,**

v.

**Earl F. SHERIFF, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.

Filed June 25, 2002.

Edward E. Kopko, Ithaca, N.Y., for Earl F. Sheriff, appellant.

LeRoy Smigel, Harrisburg, for Patricia Marie Sheriff, appellee.

William R. Swinehart, Sunbury, for First National Trust Bank, appellee.

Before LALLY–GREEN, BENDER and KELLY, JJ.

BENDER, J.

¶ 1 Earl F. Sheriff, hereinafter "Appellant," appeals from an order imposing attorney's fees and costs upon him after Intervenor, First National Trust Bank (Bank, or Intervenor-bank), sought declaratory relief with respect to marital assets deposited with Intervenor-bank. Appellant raises two issues for our consideration, whether the lower court abused its discretion in holding that Bank is entitled to an award of attorney's fees and whether the lower court erred in holding that Bank was entitled to an award of "all costs?" We reverse.

¶ 2 On February 8, 2001, shortly after Appellant's wife filed a complaint in divorce, the court entered an order in response to a Petition for Special Relief filed by Appellant, which, in relevant part, read:

The Petitioner and Respondent are prohibited from interfering with marital rights each possesses in all marital property. To this end, both parties are prohibited from moving, removing and concealing or disposing of any personal property, regardless of form or ownership, including but not limited to household items, furniture, financial assets, financial investments, business assets, checking accounts and savings accounts.

In apparent disregard of this order,[1] on Saturday, February 17, 2001, Appellant presented approximately $6,825.88 in cash and checks of Anthracite Provision Company, Inc., a marital company, to Intervenor-bank with the intent of opening a Business Organization Checking Account on the next business day. On Tuesday, February 20, 2001,[2] Appellant presented a cashier's check drawn upon Community Banks, N.A., in the amount of $56,500 for deposit into Intervenor-bank. Appellant then executed a Business Organization Checking Account Resolution appointing himself as the sole signatory authorized to act upon the checking account.

¶ 3 On February 28, 2001, Intervenor-bank received notification from Mrs. Sheriff's attorney that the Business Organization Checking Account Resolution was "unauthorized and inappropriate" as a corporate resolution and also apprised the bank of the February 8 order. According to Intervenor-bank, Mrs. Sheriff's attorney requested the account be frozen and threatened to hold the bank responsible for any losses resulting from usage of the account by Appellant.

¶ 4 In response to the threat from Mrs. Sheriff's attorney the Bank, on March 6, 2001, filed a motion for limited intervention seeking, among other things, "declaratory relief as to the viability and appropriateness of the accounts and Resolutions evidenced by Exhibit 'C'" and an award of "attorney's fees and costs." A hearing was held on March 16, 2001, pursuant to Intervenor-bank's motion in which neither Appellant, nor Appellant's counsel, appeared. At the conclusion of the hearing, the court entered an order granting the Bank's motion for limited intervention and directed the bank to honor all checks and drafts presented, revoking the signature authorization of Mr. Sheriff and directing Appellant to pay all attorney's fees and costs of the Bank. Appellant subsequently filed a motion for reconsideration, which was denied. The present appeal followed.

¶ 5 Citing to the general rule that disallows the awarding of attorney's fees, Appellant asserts that the court erred in awarding attorney's fees and costs to Intervenor-bank. Appellant is correct that the general rule regarding the awarding of attorney's fees is that absent an express statutory authorization, an express agreement of the parties or some other established exception, attorney's fees incurred in litigation cannot be recovered from the losing party. *Merlino v. Delaware County*, 556 Pa. 422, 728 A.2d 949 (1999). Thus, we must examine the purported authority

---

1. Appellant's petition alleged that Mrs. Sheriff had "looted" the marital residence of marital property and sought to enjoin Mrs. Sheriff from "moving, removing or concealing" a variety of marital property. Perhaps, since Appellant had filed the petition seeking to enjoin Mrs. Sheriff and obtained an order in response to the petition he did not perceive the order as also enjoining him from moving marital assets.

2. Monday, February 19, 2001, was a bank holiday.

for the awarding of attorney's fees in this case.

¶ 6 The trial court ostensibly awarded counsel fees to Intervenor under the authority of Pa.R.C.P.1920.43(a)(3), which reads:

Rule 1920.43.    Special Relief

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief.

(b) Where property ordered attached is in the possession of a garnishee, the practice and procedure shall conform as nearly as may be to Rules 3111 to 3113 and Rules 3142 to 3145 governing attachment execution. Judgment shall not be entered against a garnishee except by order of the court.

(Emphasis added.)    In our opinion, the court erred in granting attorney's fees to Intervenor-bank on the basis of this provision.

¶ 7 The most immediate problem with the trial court's reasoning is that Intervenor-bank did not file a petition for special relief under Pa.R.C.P.1920.43.[3]    Rather, Intervenor filed a motion to intervene, ostensibly under the authority of Pa.R.C.P. 2327, seeking declaratory relief.  One must wonder how, logically, Pa.R.C.P.1920.43 could provide a basis to award Intervenor

attorney's fees when the petition filed was not pursuant to this provision.    Moreover, not only did Intervenor not file a petition for special relief, it does not appear that it intervened in a petition for special relief. Although Appellant had filed a petition for special relief under 1920.43 on February 8, 2001, the court issued an order that day. As such, it would seem that there was no open petition for special relief.    Neither the trial court nor Appellee explains how Appellee was able to retroactively intervene in Appellant's petition for special relief.    More correctly, it would seem that Intervenor intervened into open divorce proceedings.

¶ 8 The second problem with the court's holding is that the provision relied upon does not expressly provide for an award of attorney's fees.    In the afore-cited *Merlino* case, our Supreme Court rejected the trial court's conclusion that a statutory provision reading "the expense of such proceedings shall be recoverable from the violator" constituted a basis for the award of attorney's fees.  *Merlino*, 728 A.2d at 951.  The Court conceded that, in common parlance, the term "expense of such proceedings" might very well encompass, if not connote, attorney's fees.  *Id.*  Nevertheless, the Court disallowed the award concluding that the provision did not explicitly allow for the recovery of attorney's fees and, in light of the general rule disfavoring the awarding of attorney's fees, could not be given that effect.

¶ 9 The *Merlino* rationale would certainly seem to mandate reversal here.  To the extent an award of attorney's fees requires explicit authorization from either statute or agreement, the term "expense of such proceedings" is considerably more explicit and pertinent to the award of attorney's

---

**3.**  It would also seem dubious to contend that an outside party, or stranger to the action, is entitled to file a petition for relief under Rule 1920.43 in any event.

fees than is the term "grant other appropriate relief." Yet, the Court chose not to construe the language found in *Merlino* to allow such an award. The Court comments:

> The General Assembly has employed the requisite specificity to authorize the recovery of counsel fees in the context of numerous other remedial enactments, and, had it intended to permit such recovery pursuant to the terms of Section 15(b), could have done so in the Act. In the absence of such express statutory authorization, employment of the term "expense" in Section 15(b) is insufficient to constitute a basis for the award of attorneys' fees under the Act.

*Id.* The same commentary is applicable here. Indeed, the awarding of attorney's fees is provided for in other areas involving divorce litigation. As the Supreme Court opined in *Merlino*, had the legislature wished to allow for the awarding of attorney's fees to others that become collaterally involved in divorce litigation matters, it could have expressly provided for such award. To uphold the trial court's actions under such broadly worded language, would be to essentially negate the general rule altogether and allow trial court's to award attorney's fees whenever they felt the circumstances warranted it. To do so would be to embark upon the proverbial "slippery slope" and to contravene the sentiment so clearly expressed in *Merlino*.

¶ 10 Undoubtedly, the trial court believed it was equitable to award attorney's fees to Bank because Bank felt compelled to litigate in the face of the circumstances presented it. We are not sure that this stance was justified.

¶ 11 Undoubtedly, the operation of virtually any commercial enterprise, a commercial bank included, will come with certain costs as well as some points of contention. Some of the operating costs might readily be legal costs, and certain points of contention might require the seeking of legal advice if not outright litigation. Nevertheless, the fact that the bank felt compelled to expend legal fees in response to occurrences in the course of business does not mean that the expenditure is recoverable. Nor does it even mean that it was completely necessary. In the present case, by Intervenor's own admission, it responded to a threat of litigation by seeking a declaration of rights/obligations from the court. However, nowhere does Intervenor establish that it was necessary for it to intervene in the present action. More specifically, nowhere does Intervenor establish that it would have been exposed to legal liability had it honored checks on the subject checking account.

¶ 12 Notably, there was not an order of court directed at the subject bank account which the Bank would have violated had it honored checks drawn on the account. Nor did the order in question restrain anyone other than the parties to the divorce action. While Appellant may have violated the February 8, 2001, order by depositing funds, Intervenor does not establish that Appellant's violation of the order would have resulted in liability to Bank for acting on the otherwise legitimately opened account. In essence, by threatening Intervenor-bank, Mrs. Sheriff prompted the Bank to do her "dirty work." Had Mrs. Sheriff felt that Appellant's actions were in violation of the February 8, order, and if Mrs. Sheriff believed that the presence of the new checking account threatened harm to marital assets, she could have filed a petition for special relief seeking, *inter alia*, to have the bank account frozen. Instead, she merely threatened the bank, which then took the initiative to seek legal recourse.

¶ 13 Additionally, had Intervenor-bank, rather than seeking relief from the court, sought advice from legal counsel, would the Bank claim a right to reimbursement of fees expended for legal research and or legal opinions? One can see just how easily it could be to slip down the proverbial "slippery slope" to award attorney fees when a party responds to the actions of another by either seeking legal advice or by taking steps to actually litigate the matter. It is a path that has been resisted before and, we believe, should be resisted now.

¶ 14 In closing, we see no basis for the trial court's award of counsel fees under Pa.R.C.P.1920.43. Similarly, the analysis set forth above must govern the award of costs, as well. Under the facts presented here, Pa.R.C.P.1920.43 cannot provide a basis, for the award of costs and neither Appellee nor the trial court provides an alternative basis for awarding Bank "costs of litigation." Notably, there was a lack of any finding typically attending an award of costs, such that Appellant's actions were designed to cause delay or to harass the opposing party or place an undue financial burden upon them. As such, the award of costs is also without a sustainable legal basis.

¶ 15 Order reversed. Jurisdiction relinquished.