## Sayler v. Skutches

544

C.P. of Lehigh County, no. 2006-C-2210V.

*Steven J. Margolis,* for plaintiff.
*John J. Hare,* for defendants.

MCGINLEY, *P.J.,* March 16, 2011—Before this court is plaintiff's amended petition for entry of judgment. The arduous procedural history is as follows.

A jury trial was held on this medical malpractice action from January 14, 2008, to January 18, 2008.[1] The jury awarded a verdict on January 18, 2008 in favor of Barbara Glasow, in the gross amount of $3,973,000. The jury found 35 percent contributory negligence attributable to plaintiff. The molded verdict, taking plaintiff's contributory negligence into account, resulted in damages totaling $2,582,450.

On January 24, 2008, plaintiff filed a motion for delay damages. On the same day, defendants filed a motion for post-trial relief. Plaintiff filed a timely response to defendants' post-trial motion and filed a cross-motion for post-trial relief. The parties briefed their respective issues, and argument was heard on the post-trial motions. On May 27, 2008, we entered an order granting, in part, defendants' motion for post-trial relief, and entered judgment in favor of defendants. The following day, May 28, 2008, plaintiff filed a praecipe to withdraw the motion for delay damages. Later that same day, after the praecipe to withdraw was filed, but not having yet received notice of plaintiff's praecipe, and in an effort to clear the docket in this case, we entered an order denying plaintiff's motion for delay damages as moot as a result of our May 27, 2008 Order.

On June 2, 2008, plaintiff appealed our May 27, 2008 order defendants filed a notice of cross-appeal on June 16, 2008. On June 4, 2009, the Superior Court of Pennsylvania entered an order reversing our decision and remanding the matter for entry of judgment in favor of plaintiff. On June 18, 2009, defendants filed an application for reargument

---

1. The facts of this medical malpractice action are detailed in our opinion dated June 3, 2008.

with the Pennsylvania Superior Court; the application was denied on August 11, 2009.

On August 18, 2009, plaintiff filed a petition for entry of judgment. On September 1, 2009, defendants sought allocatur from the Pennsylvania Supreme Court. We denied plaintiff's petition for entry of judgment without prejudice on December 17, 2009, because of the pending petition for allocatur before the Pennsylvania Supreme Court.

Sadly, Barbara Glasow died on May 23, 2009. Notice of death of plaintiff Barbara Glasow was filed on May 4, 2010, and by order dated May 18, 2010, Patricia J. Sayler, Executrix of the Estate of Barbara Lorraine Glasow a/k/a Barbara L. Glasow, deceased, was substituted as plaintiff in this case.

On May 26, 2010, the Supreme Court of Pennsylvania denied defendants' petition for allocatur. On May 28, 2010, plaintiff filed a petition for entry of judgment; on July 6, 2010, plaintiff filed an amended petition for entry of judgment. Plaintiff's amended petition for entry of judgment was denied on July 16, 2010, without prejudice to refile upon receipt of the record in the Lehigh County Court of Common Pleas.

Defendants sought a writ of certiorari from the United States Supreme Court. On November 1, 2010, an order was issued by the United States Supreme Court denying the writ of certiorari. Thereafter, on November 12, 2010, the Pennsylvania Superior Court issued an order lifting the stay in this matter and remanding the record back to this court with instructions to enter judgment.

On November 23, 2010, plaintiff filed the amended petition for entry of judgment currently before us defendants filed an answer, the parties briefed the issues and argument was heard on January 21, 2011.

Plaintiff raises four issues in her amended petition for entry of judgment. First, plaintiff asserts she is entitled to proportionate counsel fees on the award of future medical damages; second, plaintiff asserts she is entitled to proportionate costs on the award of future medical damages; third, plaintiff asserts she is entitled to appellate costs; and, finally, plaintiff asserts she is entitled to delay damages. We address each issue seriatim.

*Proportionate Counsel Fees on Future Damages*

The proper calculation of the proportionate share of counsel fees on future medical damages that will not be fully paid to claimant as a result of the claimant's death is an issue of first impression. Plaintiff argues that the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. §1303.101 et seq., requires the payment of counsel fees on the entire award of future medical damages, reduced to present value, regardless of whether those future medical damages come to fruition. 40 P.S. § 1303.509(b)(1). Defendants interpret the same statute to mean that counsel fees are based only on the accrued future medical damages at the time of plaintiff's death, and not on damages plaintiff has not lived to collect.

The statute provides, in part, as follows:

§ 1303.509. Payment of damages

(a) General rule. - In a medical professional liability action, the trier of fact shall make a determination

with separate findings for each claimant specifying the amount of all of the following:

(2) Future damages for:

(i) medical and other related expenses by year;

(ii) loss of earnings or earning capacity in a lump sum; and

(iii) noneconomic loss in a lump sum.

(b) Future damages. -

(1) Except as set forth in paragraph (8), future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection. The trier of fact may vary the amount of periodic payments for future damages as set forth in subsection (a)(2)(i) from year to year from the expected life of the claimant to account for different annual expenditure requirements, including the immediate needs of the claimant. The trier of fact shall also provide for purchase and replacement of medically necessary equipment in the years that expenditures will be required as may be necessary.

(3) Future damages as set forth in subsection (a)(2)(i) shall be paid in the years that the trier of fact finds they will accrue. Unless the court orders or approves a different schedule for payment, the annual amounts due must be paid in equal quarterly installments rounded to the nearest dollar. Each installment is due and payable

on the first day of the month in which it accrues.

(4) Interest does not accrue on a periodic payment before payment is due. If the payment is not made on or before the due date, the legal rate of interest accrues as of that date.

(5) Liability to a claimant for periodic payments not yet due for medical expenses terminates upon the claimant's death. 40 P.S. § 1303.509(a)(2), (b)(1),(3),(4), and (5).

In this case, the jury awarded $170,000 per year in future medical expenses payable over five years, for a total of $850,000. When that amount is reduced by the 35 percent comparative negligence attributed to Ms. Glasow, the jury award for future medical expenses over the five-year period is $110,500 yearly, or $27,625 quarterly. However, because Ms. Glasow died prior to the expiration of the five-year period, plaintiff is only entitled to six quarterly payments of future medical expenses, totaling $165,750, plus interest.[2] Pursuant to 40 P.S. § 1303.509(b)(5), the remaining future medical expenses, an amount of almost $385,000, terminates.

The parties dispute whether the counsel fees attributed to the award of future medical expenses should be based on the accrued amount of $165,750, or the entire amount of the award, $552,500. In addition, the parties dispute who is responsible for payment of the counsel fees. We

---

2. Ms. Glasow did not receive any of the future medical expenses because this matter remained on appeal until after her death. The six quarterly payments were due on January 18, 2008, April 1, 2008, July 1, 2008, October 1, 2008, January 1, 2009, and April 1, 2009. Because the periodic payments were not made on the due date, plaintiff is entitled to the legal rate of interest as of the due dates. 40 P.S. § 1303.509(b)(4).

address who is responsible for the payment of counsel fees first.

In interpreting statutory provisions, we are guided by the provisions of the Statutory Construction Act (act), 1 Pa.C.S. § 1901 et seq.

> Generally speaking, the best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage..." (quoting 1 Pa.C.S. § 1903). The act further provides that, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." [quoting 1 Pa. C.S. § 1921(b)]. *Sternlicht v. Sternlicht*, 583 Pa. 149, 876 A.2d 904 (2005) (citations omitted).

In addition, whenever possible, each word in a statutory provision is to be given meaning and not to be treated as surplusage. *Matter of Employees of Student Services, Inc.*, 495 Pa. 42, 52, 432 A.2d 189, 195 (1981).

Plaintiff claims that the statutory language makes defendants responsible for the payment of counsel fees. Defendants contend that the statutory language does not provide for an additional payment of counsel fees in addition to the award entered by the jury.

The pertinent statutory language provides: "...future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon

the present value of the future damages awarded pursuant to this subsection." 40 P.S. § 1303.509(b)(1).

Under Pennsylvania law, "there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same, or clear agreement by the parties, or some other established exception." *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837 (1975) (citations omitted). The statutory provision must be explicit to allow for recovery of attorney fees. *Merlino v. Delaware County*, 556 Pa. 422, 728 A.2d 949 (1999).

Here, the statutory language provides for the calculation and remittance of counsel fees before the periodic payments of future medical expenses to plaintiff. 40 P.S. § 1303.509(b)(1). The statutory language does not provide that the adverse party is responsible for the payment of counsel fees as an additional recovery, but merely directs the manner in which the funds are to be distributed.

The General Assembly has employed the requisite specificity to authorize the recovery of counsel fees in the context of numerous other enactments[3], and if it had

---

3. The court in *Merlino* cited several statutes in which the requisite specificity was used to authorize counsel fees. They include:

35 P.S. § 691.307 (appeals to the Environmental Hearing Board involving industrial waste discharge); 35 P.S. §4013.6(f) (suits to abate nuisances and restrain violations under the Air Pollution Control Act); 35 P.S. § 7130.508(d) (citizens' suits under the Radioactive Waste Disposal Act); 35 P.S. § 7201.315 (enforcement provisions of the Building Energy Conservation Act); 41 P.S. § 503 (remedial provisions related to maximum interest rates chargeable); 43 P.S. § 260.9a (civil remedies and penalties provision of the Wage Payment and Collection Law); 52 P.S. § 30.63 (citizens' suits under the Coal Refuse Disposal Control Act); 52 P.S. § 1406.13(f) (enforcement proceedings under the Bituminous Mine Subsidence and Land

intended to permit that recovery in this instance, it would have done so with express statutory authorization. See *Merlino*, supra. Absent the explicit statutory language that the adverse party is to pay for counsel fees as an additional recovery, each party is responsible for their own counsel fees.

This leaves the question as to how 40 P.S. §1303.509 (b)(1) is to operate in the instant situation, where the plaintiff did not survive to receive the entire portion of the jury award for future medical bills. Because we have held that the statute does not create an additional fund of recovery in the form of attorney's fees, the calculation and remittance of attorney's fees does not affect the judgment, but could affect the net proceeds that the plaintiff will receive from her award.

That being the case, we decline to address this issue in this particular proceeding to enter judgment. The answer to the question of remittance does not affect the judgment itself.

Furthermore, competing interpretations affect the division of net proceeds between only counsel and the plaintiff, not the defendant. This issue creates the potential for a conflict of interest between plaintiff and her counsel, which might make the attorney a separate party in interest. This interesting issue needs to come to the court by way of a separate, appropriate proceeding.

---

Conservation Act); 73 P.S. § 1958 (civil cause of action under the Automobile Lemon Law); Act of June 18, 1982, P.L. 537, No. 154, § 2 (civil remedies related to ethnic intimidation). *Merlino* at 426, 728 A.2d at 951, n.1.

After reviewing the statutory language at issue, and pursuant to the jury's award, we find that plaintiff is entitled to $165,750[4] in future medical expenses, plus interest.

*Costs*

Plaintiff further relies on 40 P.S. § 1303.509(b)(1) for the proposition that she is entitled to proportionate costs of future medical damages. She argues that total trial costs were $40,514.14, and the proportionate share of costs for future medical expenses is $8,277.48.

Again, the statutory language provides in part, "future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees *and costs* based upon the present value of the future damages awarded pursuant to this subsection." 40 P.S. § 1303.509(b)(1) (emphasis added).

The term "costs" is not defined in 40 P.S. §1303.509 or in the definitions of MCARE. 40 P.S. § 1303.101 et seq. Research reveals no case law that defines costs as used in this provision of MCARE. In order to comply with statutory direction to construe words and phrases according to their common and approved usage, 1 Pa.C.S.A. § 1903(a), we need to turn to general case law governing award of costs. The case of *Gregory v. Harleysville Mutual Ins.*, has made such an examination[5] and found as follows:

The general rule in an action at law is that the costs

---

4. This represents the total of six quarterly payments of $27,625.
5. The court in *Gregory* was interpreting "the costs of such proceeding" as it appears in the No-fault Act, 40 P.S. § 1009.103.

inherent in a lawsuit are awarded to and should be recoverable by the prevailing party. These recoverable costs are the costs of proceeding in court, not those of preparation, consultation, and fees generally. Costs not incurred in the court action, including counsel fees, are recoverable only on the basis of statutory authority. Only in the rarest of circumstances is the unsuccessful party made to bear all of the expenses incurred in the litigation. Thus, case law indicates that the common and approved meaning of "costs" is "court costs" or "docket costs." If recovery of other costs is to be awarded from the unsuccessful party, there must be statutory authority for doing so. *Gregory v. Harleysville Mutual Ins. Co.*, 542 A.2d 133, 135-36 (Pa. Super. 1988).

We find that the statutory language does not provide for any costs beyond the common and approved meaning of "costs," and, therefore, defendants are responsible for the total court costs or docket costs incurred in this lawsuit.

Plaintiff provided an affidavit itemizing the litigation expenses, which included: expert invoices, shipping expenses, copying costs, stenographic costs, video invoices, witness fees, parking fees, expert transportation and hotel costs, and almost $2,000 of "carry over costs" that are not itemized, in addition to a filing fee of $121 and service fee of $63 from the Lehigh County Sheriff's Office. The only costs that defendants are responsible to pay are the filing fee and service fee, for total trial costs of $184. Based on the general rule relating to costs, this amount is to be paid by defendants.

*Appellate Costs*

The third issue raised by plaintiff in her petition for entry of judgment is her claim that defendants are responsible for the payment of appellate costs. Plaintiff states that the costs associated with the appeal from this court should be taxed against defendants inasmuch as our order was reversed without direction for a new trial. Plaintiff claims she incurred costs in the amount of $7,201.63. Defendants appear to contest only that plaintiff did not provide enough support for the requested costs, especially since the amount changed several times.

Plaintiff contends that she is entitled to appellate costs pursuant to Pa.R.A.P. 2741(4), which provides:

> If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the ability for costs shall follow the final judgment in such second or other matter relating to the same cause of action. Pa.R.A.P. 2741(4).

Taxable costs on appeal shall include fees in the appellate court, the cost of the original transcript, and the cost of printing or otherwise producing necessary copies of briefs and reproduced records, including copies of the original record. Pa.R.A.P. 2743 and 2742.

Plaintiff initially requested $4,541.46 in appellate costs (plaintiff's amended petition for entry of judgment, November 23, 2010). The number increased to $6,647.09 in her brief dated December 1, 2010, and increased again

to $7,201.63 in her reply brief dated December 20, 2010. Attached to the December 20, 2010, reply brief is the affidavit of Nancy Assise, in-house accountant for plaintiff counsel's law firm. The affidavit provides itemization of the appellate costs, and provides: $1,137 for transcript costs, $115 in appeal filing fees, $4,852.14 in printing costs for appellate briefs, $1,028.97 for shipping costs, $19 for "appeal argument," and $49.52 for appeal supplies.

The acceptable appellate costs to be paid by defendant are the transcription costs, the appellate filing fees, and the printing costs for appellate briefs, for a total of $6,104.14. Shipping costs are not part of appellate costs. We are unclear what the "appeal argument" cost is and what the appeal supplies cost means, and find that plaintiff failed to establish that such costs are included in the taxable costs to be paid by defendant.

### Delay Damages

The final issue raised by plaintiff is whether delay damages are appropriate in the calculation of this judgment. Plaintiff contends that her praecipe to withdraw the motion for delay damages is moot because of our order granting defendant's motion for post-trial relief. Defendant argues that plaintiff is prohibited from claiming delay damages because there is no timely filed motion for delay damages before this court.

The jury awarded a verdict on January 18, 2008, in favor of plaintiff. On January 24, 2008, plaintiff filed a timely motion for delay damages. Both parties filed post-trial motions. On May 27, 2008, we entered an order granting, in part, defendants' motion for post-trial relief, and entered

judgment in favor of defendants. The next day, on May 28, 2008, plaintiff filed a praecipe to withdraw the motion for delay damages, stating, "plaintiff will not be seeking delay damages in the above entitled matter." Thereafter, plaintiff appealed and defendants filed a cross-appeal.

The Superior Court ultimately reversed our order entering judgment in favor of defendants and remanded this matter in order for judgment to be entered in favor of the plaintiff.

Pa.R.C.P. 238(c) provides that "not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation." Plaintiff filed a timely motion for delay damages. Thereafter, plaintiff made a strategic decision to withdraw the request for delay damages. We note that our order dated May 28, 2008, denying plaintiff's motion for delay damages as moot was filed after plaintiff withdrew his motion for delay damages, making our order moot.

Whether because the motion for delay damages was moot or because it was withdrawn by counsel, the bottom line is the same: there is no timely filed motion for delay damages pending before this court. Plaintiff's request for delay damages is, therefore, denied.

## CONCLUSION

Judgment in this matter shall be entered as follows:
Adjusted verdict[6]                        $2,029,950.00

_____

6. The adjusted verdict is the gross verdict reduced by the future

| | |
|---|---|
| Post-judgment interest on the adjusted verdict[7]: | $380,407.05 |
| Future medical expenses: | $165,750.00 |
| Post-judgment interest on the future medical expenses[8]: | $25,269.90 |
| Costs: | $184.00 |
| Appellate costs: | $6,104.14 |
| TOTAL JUDGMENT: | $2,607,665.09 |

medical expenses award and further reduced by plaintiff's 35 percent comparative negligence.

7. Post-judgment interest on all items is calculated at 6 percent per year from the date of the verdict until March 4, 2011. Interest continues to accrue until the actual receipt of funds by counsel.

8. Plaintiff is entitled to interest at 6 percent per year on the six quarterly payments for future damages from when each payment was due.

The interest due on each payment is calculated as follows:
January 18, 2008 payment:
1/18/08 - 1/17/09 = $1,657.50
1/18/09 - 1/17/10 = $1,657.50
1/18/10 - 1/17/11 = $1,657.50
1/18/11 - 3/4/11 = $204.30
April 1, 2008 payment:
4/1/08 - 3/31/09 = $1,657.50
4/1/09 - 3/31/10 = $1,657.50
4/1/10 - 3/4/11 = $1,534.52
July 1, 2008 payment:
7/1/08 - 6/30/09 = $1,657.50
7/1/09 - 6/30/10 = $1,657.50
7/1/10 - 3/4/11 = $1,121.38
October 1, 2008 payment:
10/1/08 - 9/30/09 = $1,657.50
10/1/09 - 9/30/10 = $1,657.50
10/1/10 - 3/4/11 - $699.16
January 1, 2009 payment:
1/1/09 - 12/31/09 = $1,657.50
1/1/10 - 12/31/10 = $1,657.50
1/1/11 - 3/4/11 = $286.02
April 1, 2009 payment:
4/1/09 - 3/31/10 = $1,657.50
4/1/10 - 3/4/11 = $1,534.52

## ORDER

And now, March 4, 2011, upon consideration of plaintiff's amended petition for entry of judgment filed with the clerk of judicial records - Civil Division on November 23, 2010, defendants' response thereto, argument thereon, and for the reasons set forth in the accompanying opinion, it is ordered that judgment is entered in favor of plaintiff Patricial J. Sayler, Executrix of the estate of Barbara Lorraine Glasow a/k/a Barbara L. Glasow, deceased, and against defendants Joseph M. Skutches, M.D. and St. Luke's Hospital and Health Network d/b/a St. Luke's Obstetric and Gynecology, in the amount of $2,607,665.09.

## CORRECTED ORDER

And now, March 16, 2011, it is ordered that our order dated March 4, 2011, is corrected to read as follows:

Upon consideration of plaintiff's amended petition for entry of judgment filed with the Clerk of Judicial Records - Civil Division on November 23, 2010, defendants' response thereto, argument thereon, and for the reasons set forth in the accompanying opinion, it is ordered that judgment is entered in favor of plaintiff Patricia J. Sayler, Executrix of the estate of Barbara Lorraine Glasow a/k/a Barbara L. Glasow, deceased, and against defendants Joseph M. Skutches, M.D. and St. Luke's Physician's Group in the amount of $2,607,665.09.