J-A04012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROLYN PIZZELLA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AUTO BUDDIES, INC. | |
| Appellant | No. 522 MDA 2017 |

Appeal from the Judgment Entered March 17, 2017
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2015-9389

BEFORE:  STABILE, NICHOLS, AND RANSOM,[*] JJ

MEMORANDUM BY STABILE, J.:                **FILED JUNE 12, 2018**

Appellant, Auto Buddies, Inc. appeals from the March 17, 2017 judgment in favor of Appellee Carolyn Pizzella.  We affirm.

On December 1, 2011, Appellant leased (the "Lease") a commercial building at 260 South River Street in Plains, Pennsylvania (the "Premises")[1] from Appellee for use in Appellant's used automobile sales business.  The Lease was for one year, with nine options for additional one-year terms. Lease, at ¶¶ 2, 18.  It required Appellant to pay rent, utilities, maintenance, and property taxes for the Premises.  *Id.* at ¶ 6, 9.  In February of 2012, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  Appellant leased these premises for one year prior to December 1, 2011, apparently under a different lease agreement.

Luzerne County Tax Bureau issued a delinquent notice for real estate taxes due from the Premises. Appellant paid the past due amount within eight days of the delinquent notice and without any apparent prompting from Appellee. In September of 2012, Appellee sent Appellant a letter advising that Appellee did not intend to permit Appellant to renew the lease for another year. Appellant responded the next day, stating that it intended to exercise its right of renewal under the Lease. In October of 2012, Appellee sent Appellant notice of its intent to terminate the Lease.

On November 2, 2012, Appellant filed a declaratory judgment action to determine its rights under the Lease. In early 2013, Appellee filed an eviction action. The trial court consolidated the parties' 2012 and 2013 actions (collectively the "Prior Actions"). After a short non-jury trial, the trial court found that Appellee had no right to terminate the Lease absent Appellant's material breach and that Appellee was not in material breach. **See** Order, 12/17/14; Trial Court Opinion, 12/17/14, at 1-11. Thus, the trial court did not grant Appellee's petition to evict. The court did order Appellant to pay all outstanding rent and reimburse Appellee for property taxes she paid for the Premises. Order, 12/17/14, at ¶¶ 2-3. Appellant claimed it was the successful party and therefore entitled to fees, but neither party filed a fee petition in connection with the Prior Actions.

On March 18, 2015, after the appeal period for the Prior Actions expired without either party filing a fee petition or an appeal, Appellee filed a contempt

action based on Appellant's alleged failure to pay back taxes to Appellee pursuant to the December 17, 2014 order. Appellant responded that it was entitled to attorneys' fees under the Lease because it was the successful party in the Prior Actions. The trial court did not disagree with Appellant's claim for attorney's fees, but held that "the attorney's fees could not offset the taxes owed under the December 17, 2014 Order." Trial Court Opinion, 6/16/17, at 2 (pagination ours). The court did not explain its reasoning for concluding that Appellant could not offset its debt to Appellee with the attorney's fees for which Appellee was required to reimburse Appellant. In any event, there remained no on-the-record determination of the amount of attorney's fees Appellant was entitled to collect because Appellant did not file a fee petition in the Prior Actions. Ultimately, the trial court held Appellant in contempt and ordered it to pay the outstanding taxes within 20 days. Appellant did not appeal, and complied with the order. Thereafter, Appellant paid no further rent from April 1, 2015 through the commencement of the instant action on September 22, 2015.

In her complaint that is the subject of this appeal, Appellee alleged that Appellant failed to pay rent and property taxes, totaling $11,310.14, from April through September of 2015. Complaint, 9/22/15, at ¶ 6. Appellee also claimed Appellant owed $600.00 in late fees, for a total of $11,910.14. *Id.* at ¶ 8. Appellant filed an answer, new matter, and counter claim in which it claimed a setoff for the $11,700.00 in attorney's fees incurred during the Prior

Actions. Answer, 10/15/15, at ¶¶ 27-30. Appellee filed a reply, alleging that the trial court never awarded attorney's fees in the Prior Actions and denying the amount Appellant allegedly incurred. Reply, 12/10/15, at ¶¶ 27-30.

The trial court conducted a bench trial on August 1, 2016. Appellant produced evidence in support of the attorney's fees incurred during the Prior Actions and argued for its ability to set that amount off against its financial obligations under the Lease. N.T. Trial, 8/1/16, at 9-10, 18-26. Appellee argued that neither party was completely successful in the Prior Actions. *Id.* The parties introduced evidence of their competing financial claims, and the trial court took the matter under advisement. On November 14, 2016, the trial court entered two separate orders. In the first ("First Order"), it found Appellant in material breach of the lease, ordered Appellant evicted, and ordered Appellant to pay outstanding rent and tax obligations totaling $7,201.29 "plus additional pro rata rent and tax debts accumulated prior to eviction." First Order, 11/14/16, at ¶ 4. The trial court further ordered Appellant to compensate Appellee for $4,150.00 in attorney's fees she accumulated during her successful contempt proceeding. *Id.* at ¶ 5. The trial court entered a Second Order ("Second Order") that same day, directing Appellee to pay Appellant $11,700.00 in counsel fees in connection with the Prior Actions. Second Order, 11/14/16, at ¶ 1. The trial court did not permit Appellant to use the Second Order as a setoff against the First. Appellee has not filed a notice of appeal from the Second Order.

Appellant filed a timely post-trial motion on November 28, 2016[2] requesting entry of judgment in its favor or a new trial. The trial court denied Appellant's post-trial motion on January 30, 2017. According to Appellant's Brief, Appellant filed for Chapter 11 Bankruptcy protection on January 31, 2017 and the United States Bankruptcy Court, on March 2, 2017, granted relief from the automatic stay to proceed with the eviction. Judgment was entered on March 17, 2017, and Appellant filed this timely appeal one week later.

Appellant presents six questions for review, four of which pertain to the merits, and two of which pertain to the trial court's refusal to stay the eviction pending appeal. Appellant's Brief at 5. The argument section of Appellant's brief does not address each question individually, in violation of Pa.R.A.P. 2119(a). Rather, the argument section challenges the trial court's findings that (1) Appellant was in breach of the Lease, and (2) Appellant was not entitled to a setoff for previously incurred attorney's fees.

Our standard of review is well settled:

> Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the

---

[2] The ten-day deadline for filing a post-trial motion (**see** Pa.R.C.P. No. 227.1(c)) expired on Thanksgiving Day, November 24, 2016. Appellant's motion, filed the following Monday, was therefore timely.

trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

**Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P.**, ___ A.3d ___, 2018 WL 1372202 at *2 (Pa. Super. Mar. 19, 2018).

The instant dispute arises under the Lease, including a provision in the Lease governing attorney's fees. "A lease is in the nature of a contract and is to be controlled by principles of contract law." **Id.** at *3. Further,

The interpretation of any contract is a question of law and this Court's scope of review is plenary. Moreover, we need not defer to the conclusions of the trial court and are free to draw our own inferences. In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation.

**Id.** A material breach of a contract by one party allows the party not in breach to suspend performance. **Widmer Eng'g, Inc. v. Dufalla**, 837 A.2d 459, 467 (Pa. Super. 2003), **appeal denied**, 852 A.2d 313 (Pa. 2004). "If, however, the breach is an immaterial failure of performance, and the contract was substantially performed, the contract remains effective." **Id.**

Appellant offers a general discussion of the law of breach and materiality, but it does not specifically refute the trial court's finding that it owed Appellee $7,021.29 in rent and property taxes pursuant to the Lease. Order, 11/14/16, at ¶ 4. Further, Appellant fails to explain why a default of more than $7,000.00 was not a material breach of the Lease, given Appellant's monthly rental obligation of $1,500.00.[3] Rather, Appellant's argument seems to hinge on its right to a setoff for previously incurred attorney's fees.

The Lease provides as follows: "In the event that any action is filed in relation to this Lease, the unsuccessful party in the action will pay to the successful party, in addition to all the sums that either party may be called upon to pay, a reasonable sum for the successful party's attorney fees." Lease, ¶ 24. Neither party disputes that the Prior Actions were "filed in relation to" the Lease, as per the first clause of Paragraph 24. Likewise, neither party disputes that an unsuccessful party must pay the successful party a reasonable sum for attorney's fees.[4] Attorney's fees in this case are

---

[3] We observe that Rule 2119(b) and (c) requires citation to pertinent record evidence and legal authorities. Pa.R.A.P. 2119(b), (c).

[4] Appellee argues that Appellant was not the successful party in the Prior Actions because both parties were partially successful. That is, the trial court found Appellant in breach and ordered Appellant to pay damages, but the court also found the breach not material and enforced Appellant's right of renewal. Whatever the merit of this argument, Appellee has not filed an appeal from the Second Order directing her to pay Appellant's attorney's fees. We therefore will not consider her challenge to the attorney's fees award.

dependent entirely upon the Lease, as there was no other authority for the trial court to award them. ***Merlino v. Delaware Cty.***, 728 A.2d 949, 951 (Pa. 1999) ("This Court has consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception.").

The trial court justified its setoff holding as follows:

> [Appellant] persistently justified not paying its Lease obligations on the bases that any amounts it owed were less than the amounts Pizzella owed it for attorney's fees. [Appellant] based this argument on two elements: first, on Lease Paragraph 24, stating that the unsuccessful party in an action between [Appellee] and [Appellant] must pay the successful party's attorney's fees; and second, this Court's order in favor of [Appellant] dated December 17, 2014. This Court clearly refuted the offset, or credit argument in the hearing held March 18, 2015, stating, 'there's no law that provides you with a setoff for any number of reasons.'

Trial Court Opinion, 6/16/17, at 8. The trial court never cited the law it refers to with respect to setoff or credit, and we have found no legal authority to support the trial court's position.[5]

---

[5] Nothing in the Lease prohibits a setoff of attorney's fees against outstanding rent. Furthermore, it seems a waste of judicial resources to force both parties to participate in a separate proceeding wherein Appellant seeks collection under the Second Order rather than to permit Appellant a setoff against the amount he owes Appellee under the First Order. Both orders arose out of the same proceeding. Moreover, both orders award damages under the same contract.

The interrelated procedural history of this action, the contempt action, and the Prior Actions, is very puzzling. Appellant apparently never filed a fee petition while the Prior Actions were still pending, nor did Appellant put on any evidence of the fees it incurred until its defense of the current eviction action. For her part Appellee, until this appeal, failed to argue that Appellant is not entitled to recover attorney's fees for the Prior Actions because neither party was wholly successful in the Prior Actions (as set forth above, the trial court found Appellant in non-material breach and ordered Appellant to pay damages). Neither party addresses the propriety of the trial court's decision to enter an award in the instant action to cover fees incurred during the Prior Actions.

Subsequent to the Prior Actions, Appellant, apparently believing it was entitled to a setoff for the outstanding attorney's fees, has persistently defaulted on its financial obligations under the Lease. The first such default prompted Appellee's contempt action. In that action, the trial court rejected Appellant's setoff argument and found in Appellee's favor, ordering Appellant to pay damages. An order holding a party in contempt and imposing sanctions is final and appealable. *K.M.G. v. H.M.W.*, 171 A.3d 839, 841-42 (Pa. Super. 2017). Appellant did not appeal from the contempt order.[6]

---

[6] Arguably, the trial court's treatment of the setoff issue has become law of the case. Law of the case doctrine holds that "a court involved in the later phases of a litigated matter should not reopen questions decided by another

- 9 -

In the present appeal, finally with an order for attorney's fees in hand, Appellant is claiming that it has been entitled all along to a setoff against its financial obligations under the Lease. In light of the tortuous procedural history of the parties' various disputes under the Lease, we are constrained to leave the parties to this appeal as we have found them because neither has preserved or articulated a sufficient basis for disturbing the judgment. Appellant has persistently refused to remain current with its financial obligations under the Lease, in clear defiance of the trial court's rejection of its setoff argument. While our result is not an endorsement of the trial court's setoff analysis, we conclude that Appellant, after it failed to appeal from the contempt order, continued to defy the trial court at its own risk. Appellant's failure to refute the trial court's specific findings on the amount and materiality of its breach of the Lease warrants affirmance of the judgment and renders its stay of eviction arguments moot. Regarding Appellee, she did not appeal, and therefore has failed to preserve any challenge to the trial court's award of attorney's fees, including her argument that Appellant was not the

_____

judge of that same court or by a higher court in the earlier phases of the matter." **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995). Granted, the contempt proceeding and the instant action technically are not phases of the same litigation, and this Court has yet to visit the merits setoff issue. But Appellant's failure to present the setoff issue to this Court at the earliest opportunity, combined with its failure to abide by the trial court's ruling on the matter, contributed significantly to the current posture of the case, wherein Appellant has been evicted from the Premises. A timely appeal from the contempt order, or better yet, a fee petition and timely appeal in the the Prior Actions would have alleviated many procedural problems.

successful party in the Prior Actions. For all of the foregoing reasons, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/12/2018</u>