Patricia J. SAYLER, Executrix of the Estate of Barbara Lorraine Glasow a/k/a Barbara L. Glasow, Deceased, Appellant

v.

Joseph M. SKUTCHES, M.D. and St. Luke's Hospital and Health Network d/b/a St. Luke's Obstetric & Gynecology Associates, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 26, 2011.

Filed Feb. 6, 2012.

Reargument Denied April 12, 2012.

Steven J. Margolis, Bethlehem, for appellant.

John J. Hare, Philadelphia, for appellee.

J. Scott Kramer, Philadelphia, for Hospital & Healthsystem, Amicus Curiae.

BEFORE: LAZARUS, OTT, and PLATT*, JJ.

OPINION BY PLATT, J.:

Appellant, Patricia J. Sayler, executrix of the estate of Barbara Lorraine Glasow, appeals from the judgment entered March 4, 2011, denying in part her request for attorneys' fees, 40 P.S. § 1303.509; appellate costs, Pa.R.A.P. 2741(4), 2742; and delay damages, Pa.R.C.P. 238. We affirm in part and remand in part.

* Retired Senior Judge assigned to the Superior

The trial court set forth the relevant factual and procedural history of this case as follows:

A jury trial was held on this medical malpractice action from January 14, 2008, to January 18, 2008.[ ] The jury awarded a verdict on January 18, 2008, in favor of Barbara Glasow, in the gross amount of $3,973,000. The jury found 35% contributory negligence attributable to [Glasow]. The molded verdict, taking [Glasow's] contributory negligence into account, results in damages totaling $2,582,450.

On January 24, 2008, [Appellant] filed a Motion for Delay Damages. On the same day, [Appellees] filed a Motion for Post–Trial Relief. [Appellant] filed a timely response to [Appellees'] post-trial motion and filed a Cross–Motion for Post–Trial Relief.... On May 27, 2008, [the trial court] entered an order granting, in part, [Appellees'] Motion for Post–Trial Relief, and entered judgment in favor of [Appellees]. The following day, May 28, 2008, [Appellant] filed a Praecipe to Withdraw the Motion for Delay Damages. Later that same day, after the Praecipe to Withdraw was filed, but not having yet received notice of [Appellant's] Praecipe, and in an effort to clear the docket in this case, [the trial court] entered an Order denying [Appellant's] Motion for Delay Damages as moot as a result of [the] May 27, 2008 Order.

On June 2, 2008, [Appellant] appealed [the] May 27, 2008 Order. [Appellees] filed a Notice of Cross–Appeal on June 16, 2008. On June 4, 2009, the Superior Court of Pennsylvania entered an Order reversing [the] decision and remanding the matter for entry of judgment in favor of [Appellant]....

Court.

On August 18, 2009, [Appellant] filed a Petition for Entry of Judgment. On September 1, 2009, [Appellees] sought allocatur from the Pennsylvania Supreme Court. [The trial court] denied [Appellant's] Petition for Entry of Judgment without prejudice on December 17, 2009, because of the pending Petition for Allocatur before the Pennsylvania Supreme Court.

Sadly, Barbara Glasow died on May 23, 2009. Notice of Death of [ ] Barbara Glasow was filed on May 4, 2010, and by Order dated May 18, 2010, Patricia J. Sayler, Executrix of the Estate of Barbara Lorraine Glasow a/k/a Barbara L. Glasow, deceased, was substituted as [Appellant] in this case.

On May 26, 2010, the Supreme Court of Pennsylvania denied [Appellees'] Petition for Allocatur. On May 28, 2010, [Appellant] filed a Petition for Entry of Judgment; on July 6, 2010, [Appellant] filed an Amended Petition for Entry of Judgment. [Appellant's] Amended Petition for Entry of Judgment was denied on July 16, 2010, without prejudice to refile upon receipt of the record in the Lehigh County Court of Common Pleas.

[Appellees] sought a writ of certiorari from the United States Supreme Court. On November 1, 2010, an order was issued by the United States Supreme Court denying the Writ of Certiorari. Thereafter, on November 12, 2010, the Pennsylvania Superior Court issued an order lifting the stay in this matter and remanding the record back to [the trial] court with instructions to enter judgment.

On November 23, 2010, [Appellant] filed the Amended Petition for Entry of Judgment [raising four issues.] ... First, [Appellant] asserts she is entitled to proportionate counsel fees on the award of future medical damages; sec-ond, [Appellant] asserts she is entitled to proportionate costs on the award of future medical damages; third, [Appellant] asserts she is entitled to appellate costs; and, finally, [Appellant] asserts she is entitled to delay damages....
(Trial Court Opinion, 3/04/11, at 1–3).

On March 4, 2011, the trial court issued an order "entered in favor of [Appellant] in the amount of $2,607,665.09." (Order, 3/04/11). In the opinion entered on the same day, the trial court determined that Appellant is entitled to the actual future damages accrued up to the time of Glasow's death, and that the distribution of attorneys' fees should be resolved between Appellant and her attorneys in a separate action. (See Trial Ct. Op., at 7–8). The court awarded some appellate costs to Appellant, rejecting those requests it found to be too vague. (Id. at 9–10). Finally, the court determined that Appellant's motion for delay damages was either timely withdrawn by Appellant, or mooted when the trial court granted Appellees' motion for post-trial relief. (Id. at 10–11). Appellant timely appeals.

Appellant raises three questions for our review:

A. Whether the Trial Court erred in denying payment of the proportionate share of counsel fees and costs based upon the present value of the future medical damages pursuant to 40 P.S. § 1303.509?

B. Whether the Trial Court erred in denying the full amount of Appellate Costs related to the prior Appeal in this matter ..., to which [Appellant] was entitled pursuant to Pa.R.A.P. 2741(4) and Pa.R.A.P. 2742?

C. Whether the Trial Court erred by refusing to award Delay Damages pursuant to Pa. Rule of Civ. Pro. 238?

(Appellant's Brief, at 4).

In her first issue, Appellant argues that "[t]he Trial Court erred in deny-

ing payment of the proportionate share of counsel fees and costs based upon the present value of the future medical damages pursuant to 40 P.S. § 1303.509." (*Id.* at 15). Appellant asserts that, under section 1303.509 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.509(b)(1), her counsel is entitled to "attorney[s'] fees on the future medical expenses **awarded,** amount[ing] to Two Hundred Eight Thousand Four Hundred Ninety Four ($208,-494.00) Dollars." (*Id.* at 16 (emphasis in original)). We disagree.

Generally, where the award of attorneys' fees is authorized by statute, an appellate court reviews the propriety of the amount awarded by the trial court under an abuse of discretion standard. We will not find an abuse of discretion in the award of counsel fees "merely because [we] might have reached a different conclusion." Rather, we require a showing of manifest unreasonableness, partiality, prejudice, bias, ill-will, or such lack of support in the law or record for the award to be clearly erroneous. To the extent that the issue before us is a question of statutory interpretation, however, our scope of review is plenary and the standard of review is *de novo*.

*Samuel–Bassett v. Kia Motors Am., Inc.,* — Pa. ——, 34 A.3d 1, 51 (2011) (citations omitted).

The General Assembly has directed in the Statutory Construction Act, 1 Pa. C.S.[A.] § 1501 *et seq.,* that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. Generally speaking, the best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa. C.S.[A.] § 1903. Another bedrock principle of statutory construction requires that a statute "be construed, if possible, to give effect to all its provisions," so that no provision is mere surplusage. 1 Pa.C.S.[A.] § 1921(a).

*Rodgers v. Lorenz,* 25 A.3d 1229, 1231 (Pa.Super.2011) (case citation omitted).

Section 1303.509 of the MCARE act provides in relevant part:

**(b) Future damages.—**

(1) Except as set forth in paragraph (8), future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection. The trier of fact may vary the amount of periodic payments for future damages as set forth in subsection (a)(2)(i) from year to year for the expected life of the claimant to account for different annual expenditure requirements, including the immediate needs of the claimant. The trier of fact shall also provide for purchase and replacement of medically necessary equipment in the years that expenditures will be required as may be necessary.

\*　　　\*　　　\*

(3) Future damages as set forth in subsection (a)(2)(i) shall be paid in the years that the trier of fact finds they will accrue. Unless the court orders or approves a different schedule for payment, the annual amounts due must be paid in equal quarterly installments rounded to the nearest dollar. Each installment is due and payable on the first day of the month in which it accrues.

\*　　　\*　　　\*

(5) Liability to a claimant for periodic payments not yet due for medical ex-

penses terminates upon the claimant's death.

40 P.S. § 1303.509(b)(1), (3), (5).

Here, the trial court found that the statutory language of 40 P.S. § 1303.509(b)(1):

provides for the calculation and remittance of counsel fees before the periodic payments of future medical expenses to [Glasow]. The statutory language does not provide that the adverse party is responsible for the payment of counsel fees as an additional recovery, but merely directs the manner in which the funds are to be distributed.

(Trial Ct. Op., at 6–7 (citation omitted)). The court held that Appellant is entitled to the **actual** award accrued, $165,750.00, and that the issue of how attorneys' fees should be distributed should be taken up between Appellant and the attorneys in a separate action. (*Id.* at 7–8).

Essentially, the parties dispute whether Appellant's attorneys' 40% contingency fee should be calculated from the total potential award for future damages reduced by Glasow's comparative negligence, or $521,235.00; or whether the attorneys' fees should be calculated from the amount of that award actually accrued before Glasow's death, which was determined to be $165,750.00. We further observe that Appellant's attorneys' fees must either diminish her existing award of damages, or constitute additional recovery beyond the accrued award from Appellees.

Section 1303.509's only reference to counsel fees provides that "future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs **based upon the present value** of the future damages

awarded pursuant to this subsection." 40 P.S. § 1303.509(b)(1) (emphasis added). Furthermore, section 1303.509(b) also provides that the court may award damages for future medical expenses to be paid in installments, and that liability for future damages terminates upon a claimant's death. *See id.* at § 1303.509(b)(3), (5).

Here, Appellees' liability to Appellant terminated upon Glasow's death, at which time she had accrued $165,750.00 in damages under the court's award pursuant to section 1303.509. *See id.* at § 1303.509(b)(5). Therefore, the present value of Appellant's future damages is $165,750.00, and her attorneys' fees must be calculated based on that award. *Id.* at § 1303.509(b)(1). The plain language of section 1303.509 does not entitle Appellant to attorneys' fees in addition to that award.

 Furthermore, "[u]nder the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Trizechahn Gateway LLC v. Titus,* 601 Pa. 637, 976 A.2d 474, 482–83 (2009). Additionally,

a statutory provision must be explicit in order to allow for the recovery of this particular form of expense. The General Assembly has employed the requisite specificity to authorize the recovery of counsel fees in the context of numerous other remedial enactments, and, had it intended to permit such recovery pursuant to the terms of [a statute], could have done so. . . .

*Merlino v. Delaware County,* 556 Pa. 422, 728 A.2d 949, 951 (1999) (footnote omitted).[1] Although section 1303.509(b)(1) pro-

---

1. In *Merlino,* our Supreme Court noted several examples of provisions explicitly allowing for recovery of attorneys' fees. *See id.* at 951 n. 1; *see also, e.g.,* 35 P.S. § 691.307 ("The Environmental Hearing Board, upon the request of any party, may in its discretion order

vides for the calculation of counsel fees from the present value of the award, had the General Assembly intended it to award attorneys' fees, it would have done so explicitly. *Cf. id.* at 951 n. 1. Nor has Appellant identified a clear agreement between the parties or any other exception which would justify deviating from the American rule in this case. *Trizechahn Gateway LLC, supra* at 482–83.

■ Finally, our conclusion that section 1303.509 does not increase Appellant's damages by additionally awarding attorneys' fees is consistent with the General Assembly's declaration of policy accompanying the MCARE Act. *See* 40 P.S. § 1303.102 (Declaration of Policy). As noted in the *amici* briefs submitted to this Court, the MCARE act was developed in part to limit jury awards in medical malpractice suits in order to ensure affordable health care premiums. (*See, e.g.,* Hospital & Healthsystem Assoc. of Pa.'s Brief, at Exhibit C (Report of the Governor's Medical Malpractice Liability Insurance Crisis Task Force)); *see also* 40 P.S. § 1303.102(3) ("To maintain this system, medical professional liability insurance has to be obtainable at an affordable and reasonable cost in every geographic region of this Commonwealth."). Appellant's interpretation of section 1303.509 would fail to "give effect to all [the] provisions" of the MCARE act. *Rodgers, supra* at 1231.

Therefore, the trial court did not commit an error of law by concluding that section 1303.509 entitles Appellant to recover the amount of the award accrued before Glasow's death, but does not go so far as to authorize the additional recovery of attorneys' fees. *See Samuel–Bassett, supra* at

51. Appellant has failed to demonstrate that section 1303.509 shifts the burden of her attorneys' fees to Appellees, and her first issue does not merit relief.

■ In her second issue, Appellant argues that "[t]he Trial Court erred in denying the full amount of Appellate Costs related to the prior Appeal in this matter . . . to which [Appellant] was entitled." (Appellant's Brief, at 25). Appellant claims that, after this Court reversed the trial court's order without direction for a new trial pursuant to Pennsylvania Rule of Appellate Procedure 2741(4), the trial court was required to award her all costs arising from the appeal, and erred by precluding her shipping costs from the award. (*See id.*); *see also* Pa.R.A.P. 2741(4), 2742. We disagree.

■ "Allowance of costs on appeal is within the trial court's discretion." *Parkinson v. Lowe,* 760 A.2d 65, 67 (Pa.Super.2000) (citation omitted).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Warmkessel v. Heffner,* 17 A.3d 408, 414 (Pa.Super.2011) (citation omitted).

Rule of Appellate Procedure 2742 provides:

> The cost of printing or otherwise producing necessary copies of briefs and reproduced records, including copies of

the payment of costs and attorney's fees. . . ."); 35 P.S. § 4013.6(f) ("The court, in issuing any final order in any action brought pursuant to subsection (c) of this section, may award costs of litigation, including attorney and expert witness fees. . . ."); 43 P.S.

§ 260.9a(f) ("The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.").

the original record reproduced under Rule 2151(a) (consideration of matters on the original record without the necessity of reproduction) shall be taxable, except as otherwise ordered pursuant to Rule 2155 (allocation of cost of reproduced record) at rates not higher than those generally charged for such work in this Commonwealth.

Pa.R.A.P. 2742.

Furthermore, Rule of Appellate Procedure 2743 illustrates other taxable costs, including:

(1) Fees in the appellate court paid in the matter pursuant to Rule 2701 (payment of fees required).

(2) In cases in which an evidentiary record is made before the appellate court, other than by the filing of a stipulation of facts, the cost of the original transcript as determined in the same manner as the costs of transcripts in the courts of common pleas are determined.

(3) Costs authorized by or pursuant to this chapter.

Pa.R.A.P. 2743(a).

Here, the trial court found that Appellant was entitled to costs after this Court reversed the original judgment notwithstanding the verdict. (*See* Trial Ct. Op., at 9–10); *see also* Pa.R.A.P. 2741(4). Appellant submitted the following costs to the trial court: "$1,137 for transcript costs, $115 in appeal filing fees, $4852.14 in printing costs for appellate briefs, $1028.97 for shipping costs, $19 for 'appeal argument,' and $49.52 for appeal supplies." (Trial Ct. Op., at 10). The trial court concluded:

The acceptable appellate costs to be paid by [Appellees] are the transcription costs, the appellate filing fees, and the printing costs for appellate briefs, for a total of $6,104.14. Shipping costs are not part of appellate costs. We are unclear what the "appeal argument" cost is and what the appeal supplies cost means, and find that [Appellant] failed to establish that such costs are included in the taxable costs to be paid by [Appellees].

(*Id.*).

Appellant argues that shipping is part of the costs of "otherwise producing" copies of the briefs and reproduced records to the court. (Appellant's Brief, at 25 (citing Pa. R.A.P. 2742)). However, we can discern no abuse of discretion by the trial court in precluding those costs it deemed ambiguous or otherwise not within the statutory language of Rules of Appellate Procedure 2742 and 2743. *See Parkinson, supra* at 67. Appellant's second issue is without merit.

▮▮▮▮ In Appellant's third issue, she asserts that "[t]he Trial Court erred by refusing to award Delay Damages pursuant to Pennsylvania Rule of Civil Procedure 238." [2] (Appellant's Brief, at 26). We agree.

▮▮▮▮ "To the extent we must analyze the trial court's denial of delay damages and applicability of [Rule of Civil Procedure 238], '[w]e review ... for an abuse of discretion, and we will not reverse a trial court's decision regarding imposition of delay damages absent such an abuse.'" *Thompson v. T.J. Whipple*

---

2. Pennsylvania Rule of Civil Procedure 238 provides, in pertinent part:

At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, ... and shall become part of the verdict, decision or award.

Pa.R.C.P. 238(a)(1).

*Constr. Co.*, 985 A.2d 221, 223 (Pa.Super.2009), *appeal denied,* 604 Pa. 699, 986 A.2d 152 (2009) (citation omitted). Furthermore, our courts cannot "decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given. As a general rule, an actual case or controversy must exist at every stage of the judicial process, and a case that was once 'actual' may be rendered moot by a change of facts." *Richards v. Trimbur,* 374 Pa.Super. 352, 543 A.2d 116, 119 (1988), *appeal denied,* 522 Pa. 620, 563 A.2d 888 (1989) (citation omitted).

Here, the jury returned a verdict for Appellant on January 18, 2008. Thereafter, she timely filed a post-trial motion for delay damages pursuant to Rule of Civil Procedure 238 on January 24, 2008. Appellees filed a motion for post-trial relief on the same day. Appellant later filed a praecipe to withdraw the motion for delay damages on May 28, 2008. However, unbeknownst to Appellant, the trial court had entered an order granting Appellees' motion for post-trial relief the day before, on May 27, 2008. As a result of this order, the trial court denied as moot Appellant's praecipe to withdraw the motion for delay damages on the same day it was filed. (*See* Order, 5/28/08).

On June 4, 2009, the Superior Court of Pennsylvania entered an Order reversing the decision and remanding the matter for entry of judgment in favor of Appellant.

On remand, the trial court found that the motion for delay damages was either mooted when the court granted Appellees' motion for post-trial relief, or timely withdrawn by Appellant. (*See* Trial Ct. Op., at 11). Appellant argues that she filed the May 28, 2008 praecipe to withdraw in order to speed up the process of obtaining her jury award so that Glasow could use the funds for an experimental treatment program, without knowing that the court had entered judgment for Appellees the day before. (*See* Appellant's Brief, at 28). Alternatively, Appellant argues that the motion was never actually withdrawn, because the May 27, 2008 trial court order overturning the verdict rendered the praecipe to withdraw moot without Appellant knowing, and therefore, the motion for delay damages is still outstanding. (*See id.* at 29–30).

Ultimately, Appellant did timely perfect her motion for delay damages. The trial court deemed the praecipe to withdraw moot because the May 27, 2008 order rendered a verdict for Appellees, and therefore delay damages for Appellant could not be assessed where she did not have a favorable verdict. However, because this Court reversed the May 27, 2008 order and reinstated Appellant's verdict, all subsequent actions by the trial court after the overturned order in this matter are a legal nullity. *See Richards, supra* at 119. Therefore, we must conclude that the trial court has abused its discretion in denying Appellant's motion for delay damages where her praecipe to withdraw was deemed moot and this Court has reinstated a verdict in her favor. *See Thompson, supra* at 223. Accordingly, Appellant's motion to withdraw is still outstanding, and we remand to the trial court for consideration on its merits.

Order denying delay damages reversed and case remanded. Order denying attorneys' fees and appellate costs affirmed. Jurisdiction relinquished.

OTT, J., files a Concurring and Dissenting Statement.

## CONCURRING and DISSENTING STATEMENT by OTT, J.

I concur with the Majority's well-reasoned analysis of the first two issues, however, I respectfully dissent as to its dispo-

sition of the final claim, that the trial court erred by refusing to award Appellant delay damages pursuant to Pennsylvania Rule of Civil Procedure No. 238. I would conclude that the trial court properly refused to award delay damages because Appellant's *praecipe* for withdrawal of her motion for delay damages constituted an independent action that was not contingent upon the trial court's order.

As the Majority notes, the jury returned a verdict for the Appellant on January 18, 2008. On January 24, 2008, Appellant filed a timely post-trial motion for delay damages pursuant to Pa.R.C.P. No. 238. That same day, Appellees filed a motion for post-trial relief..

On May 27, 2008, the trial court entered an order, granting Appellees' post-trial motion. Appellant was apparently unaware of the court's order as she filed a *praecipe* to withdraw the motion for delay damages the following day, stating: "[Appellant] will not be seeking delay damages in the above entitled matter." Appellant's *Praecipe* for Withdrawal of Motion for Delay Damages, 5/28/2008, at 1. As a result of its May 27, 2008 order, the trial court denied Appellant's request "as moot." *See* Trial Court Order, 5/28/2008, at 1.

Both parties filed cross-appeals in the matter. On June 4, 2009, a panel of this Court reversed the trial court's May 27, 2008 order and remanded the case with instructions to enter judgment in favor of Appellant for the damages determined by the jury. *See Glasow v. Skutches,* 981 A.2d 327 (Pa.Super.2009) (unpublished memorandum at 27). On remand, the trial court determined Appellant's motion for delay damages was either mooted by its May 27, 2008 order or timely withdrawn by Appellant and therefore, it did not award her delay damages.

In the present appeal, Appellant claims the court erred in denying her delay dam-

ages because anything filed after the trial court's ruling on May 27, 2008 "was legally a non-event" and therefore, whether she pursued her motion or withdrew her motion was "irrelevant." *See* Appellant's Brief at 29.

The Majority agrees with this argument, concluding that "because [a panel of] this Court reversed the May 27, 2008 order and reinstated Appellant's verdict, all subsequent actions by the trial court after the overturned order in this matter are a legal nullity." *See* Majority Memorandum at 143.

I disagree with this determination because I believe Appellant's *praecipe* for withdrawal of her motion for delay damages was a unilateral act, which was independent of the trial court's May 27, 2008 order, and therefore, the prior panel's reversal of that order had no effect on her request to withdraw the motion.

Rule 238 only provides for the timing when seeking a motion for delay damages. *See* Pa.R.C.P. No. 238(c). It does not address timing with respect to a party's decision to subsequently forego delay damages. Therefore, one may reasonably infer that a party can choose to disclaim at any time in the process, albeit prior to the court entering an order, which disposes of that motion.

As Appellant notes in her brief, she had a right to forego delay damages and she made a strategic decision to withdraw her motion. *See* Appellant's Brief at 28 (she wanted to expedite the process of obtaining judgment because she sought treatment, which she could not otherwise afford). By filing the *praecipe,* Appellant did not wait for the court's resolution of the post-trial motions and therefore, she took a risk to obtain a prompt judgment. It was merely happenstance that the trial court entered an order, granting Appel-

lees' post-trial motion, one day earlier and without her knowledge.

Moreover, it bears remarking that Appellant did not renew or re-file her motion for delay damages after learning about the trial court's May 27, 2008 order. She also did not raise the issue in her prior appeal. *See Glasow,* 981 A.2d 327 (Pa.Super.2009) (unpublished memorandum at 5–6). Therefore, I would conclude that the trial court did not abuse its discretion in denying Appellant's motion for delay damages and affirm the judgment in whole.