## Gilroy v. Housing and Redevelopment Insurance Exchange

*Matthew Barrett* and *Michael P. Perry*, for plaintiffs.
*Frank Ruggerio* and *Dion Rassias*, for defendants

MINORA, *J.*, April 23, 2014—Currently before the court is a de novo appeal of a discovery order issued by special trial master Burke on November 7, 2013 denying housing and redevelopment insurance exchange's (hereinafter "defendant") motion to compel Catherine Gilroy (hereinafter "plaintiff") to undergo an additional. Independent Medical Examination (hereinafter "IME") relative to pain management. For the reasons set forth below, the defendant's motion to compel a pain management IME is denied.

## FACTUAL AND PROCEDURAL HISTORY

The case before this court arises from a motor vehicle accident that occurred on November 25, 2005. Plaintiff was employed as a police officer in the City of Scranton and was driving her police cruiser when she was allegedly struck by a vehicle operated by Amanda Metric. The defendant insured the police cruiser the plaintiff was operating at the time of the accident. As a result of the relevant motor vehicle accident, plaintiff allegedly suffered extensive injuries, as set forth in plaintiff's complaint.

Plaintiff has previously submitted to three separate IME's for the defendant without objection. Plaintiff first submitted to an Orthopedic IME, conducted by Dr. Peter Feinstein, which took place on August 7, 2013. In his IME Dr. Feinstein made the following conclusions relating to the plaintiff's pain management: any bruise or contusion to the left wrist has been completely resolved; other than knee replacement there is no operative intervention that would be appropriate regarding her right knee; plaintiff's current and periodic steroid injections to her right knee is palliative; any bruise or contusion to the left knee is completely resolved; plaintiff does not need any additional workup or diagnostic studies done in her cervical and lumbar area; there is nothing to indicate ongoing symptomology in her hip area; and plaintiff has made a full recovery from her ankle injury.

Plaintiff submitted to a Neurological IME, conducted by Dr. V. Benjamin Nakkache, which took place on August 13, 2013. Dr. Nakkmache made little mention of any pain management, other than stating that any cervical whiplash injury or any lumbosacral sprain should have resolved by now.

Finally, plaintiff submitted to a Psychological IME, conducted by Dr. Timothy J. Michals, which took place on October 18, 2013. Dr. Michals made no reference to any sort of pain management for the claimant.

On October 25, 2013, defendant requested that plaintiff undergo a fourth IME by Dr. Avner Griver, a pain management specialist. Plaintiff denied the defendant's request to undergo this fourth IME. Defendant filed a motion to compel this IME, which was presented to special trial master Burke. Special trial master Burke denied the defendant's motion and this appeal followed.

Defendant argues that the issue of pain management has been put into controversy throughout the pendency of the

litigation by the plaintiff alleging injuries and treatment of the same. As such, the defendant argues that if an additional IME for pain management were not allowed, they would suffer significant prejudice, as they would not be able to refute or defend any claims on this issue of pain management. Further, defendant argues that they have demonstrated good cause and exceptional circumstances to warrant the additional IME. Defendant claims that the requested additional IME is for a good cause and not for an improper purpose. Defendant's own argument underlies their position since complaints of pain and pain management are neither novel nor new and have always been a part of plaintiff s case.

Plaintiff argues that in order to justify an additional fourth IME, there must be allegations of a new injury or concealment by plaintiff, neither of which are presented in the current case. Plaintiff's claim that the defendant was aware of the physical injuries and the alleged pain and yet defendant consciously still chose to have plaintiff examined by Dr. Michals, Dr. Feinstein, and Dr. Nakkache. Plaintiff further argues that the defendant was aware of plaintiff's claims throughout the case and has had ample opportunities to have the issue of pain management examined in the first three IME's. Therefore, plaintiff should not be required to submit to a fourth IME. We agree. They allege further that Dr. Feinstein and Dr. Nakkache give opinions in their evaluations relating to the plaintiffs future medical treatment, and as such, a further IME in regards to pain management is neither necessary nor permissible and the ruling of the special trial maser should be upheld.

## DISCUSSION

Under Lacka. Co. R.C.P. 4000.1, all discovery motions must initially be presented to and decided by the court-appointed special trial master whose ruling "may be appealed *de novo*" to the court of common pleas. *Fratzola v. Klepadlo,*

2012 WL 7801870 (Lacka. Cty. 2012). "Under the *de novo* standard of review, our scope of judicial review is plenary.... "*Fratzola v. Klepadlo*, 10 CV 230, 2012 WL 7801870 (Pa. Com. Pl. 2012) (citing *Savior v. Skutches*, 40 A.3d 135, 139 (Pa. Super. 2012). Pennsylvania R.C.P. 4010(a) authorizes a trial court to order a mental or physical examination of a party when the mental or physical condition of a party is in controversy. In addition to the requirement of the party's condition being in controversy, this rule also provides that said examination may be granted only upon a motion for good cause shown. *John M. v. Paula T.*, 571 A.2d 1380, 1383 (Pa. 1990). The good cause requirement is intended to ensure that a plaintiff's privacy is not unduly evaded. *Uhel v. C.H. Shoemaker & Son, Inc.*, 633 A.2d 1358, 1360 (Pa. Super 1994). Whether good cause is shown is in the discretion of the trial court and the exercise thereof will not be disturbed unless it was manifestly unreasonable. *Willis v. Bigus*, 2012 WL 8898049 at 4 (Lacka. Cty.).

Presently, this court is confronted with the issue of whether the plaintiff should be required to submit to a fourth IME for the defendant relative to pain management, when the plaintiff has already submitted to three prior IME's for the defendant. The defendant argues that the plaintiff put the issue of pain management at issue when the plaintiff put the alleged injuries, and treatment thereof, into controversy. The defendant argues that the independent medical examination is necessitated by the nature, extent, and severity of the alleged injuries and the same bears for the treatment of these injuries going forward.

In addition, the defendants allege that if the additional independent medical examination is not permitted, they will be prejudiced by being unable to refute any claims offered by the plaintiff regarding pain management. The defendant has made arrangements for the examination to be performed in Dunmore, Pennsylvania to accommodate the needs to the

plaintiff.

We should note that the plaintiff has never disputed the fact that she is required to submit to an IME. In fact, the plaintiff has already submitted to three prior independent medical evaluations for the defendant without objection, as mentioned previously. Plaintiff has made it clear, and defendant has agreed, that the plaintiff has placed her various physical injuries into controversy, thus allowing the defendants the right to have the plaintiff undergo an IME. What is at issue here is the extent of defendant's right.

Rule 4010 is silent with regard to the number of examinations to which a party can be compelled to submit. Rule 4010 does not specifically permit or prohibit more than one examination of a plaintiff and a defendant bears a heightened burden of demonstrating a good cause for supplemental medical examination. *Wilczynski v. Lackawanna County Multi-Purpose Stadium Auth.*, 42 Pa. D. & C.4th 337,343-344 (Lacka. Cty. 1999). Further, rule 4010(a) does not give a party mandatory rights to more than one physical examination of the other party, but a court may permit an additional examination if subsequent discovery reveals that the plaintiff is alleging a new injury since that date of the initial examination or deliberately concealed an injury at the time of the first examination. *Id.* "[I]n those unusual instances in which consecutive examinations have been allowed, exceptional circumstances have existed to justify the inconvenience and the initial burden to the plaintiff'. *Id.* (citing *Lodolce v. Twp. of Roaring Brook*, 99 Lack. Jur. 54, 57 (1998)).

Our facts reveal that the defendant has known about the pain management treatment of the plaintiff since the inception of this case. The plaintiff has always maintained that her physical and emotional injuries were at issue throughout the course of this litigation. There is no new injury asserted,

no change in condition, nor has the plaintiff concealed any injuries in any way. Further, the defendant has not shown exceptional circumstances to justify the inconvenience and the burden to the plaintiff that would allow this court to compel plaintiff's submission to a fourth additional IME. The defendant has had ample opportunity to choose the doctors for the three previous IME's to which the plaintiff submitted. In any of the previous three IME's, the defendant was afforded the ability to have the pain management of the plaintiff investigated thoroughly and chose not to do so. Defendant now appears to be unhappy with its three previous choices.

Defendant is not left with a complete inability to refute the claims of the plaintiff's pain management because, as stated earlier, Dr. Feinstein went into detail regarding the different injuries and future treatment thereof in his report. Based on this report, this court believes the defendant has the ability to rebut and refute claims made by the plaintiff in this area of pain management, and as such, their heightened burden of showing good cause has not been met. Accordingly, this court will not to compel the plaintiff to submit to a fourth additional IME.

We find no indication in this case that the plaintiff has alleged any new injuries or deliberately concealed any other injury. Dr. Feinstein, in his orthopedic IME report, went into detail regarding his opinion of the plaintiff's current injuries that he examined and also the treatment of the same. The issue of pain management has been examined and the defendant has been given the ability to refute the testimony and evidence offered by the plaintiff. Defendant has failed to meet their heightened burden to show good cause to compel this court to subject the plaintiff to an additional fourth IME. The determination of whether to submit a plaintiff additional fourth IME's is at the sound discretion of this court. We agree with the ruling of the special trial master that the plaintiff is

not required to submit to a fourth IME. Defendant's motion to compel an additional IME in the area of pain management is denied.

An appropriate order follows.

## ORDER

And now to wit, this 22nd day of April 2014, upon due consideration of defendant's motion to compel an additional IME for pain management along with the able oral and written arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed the defendant's motion to compel a fourth pain management IME is denied and dismissed for the reasons stated.