J. S62018/16

2016 PA Super 232

| | | |
|---|---|---|
| L.M.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| E.C. | : | |
| | : | |
| APPEAL OF: GUARDIAN AD LITEM | : | No. 425 MDA 2016 |

Appeal from the Order Entered February 11, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 05-13544 #3

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

OPINION BY DUBOW, J.: **FILED OCTOBER 26, 2016**

Appellant, Jana R. Barnett, Esquire, *Guardian Ad Litem* ("GAL"), appeals from the Order entered on February 11, 2016, in the Berks County Court of Common Pleas partially granting her Petition for Special Relief, in which the trial court rejected 79% of Appellant's request for compensation for GAL services that she performed over thirty months. After careful review, we vacate and remand.

This highly acrimonious custody litigation began in the Berks County Court of Common Pleas on August 28, 2008, when L.M.P. ("Mother") filed in the trial court a foreign custody Order from Tompkins County, New York. On August 21, 2013, the trial court appointed Appellant to be the GAL to I.C. ("Child"), the minor child of Mother and E.C. ("Father").

On August 21, 2013, the trial court entered an Order outlining the GAL's duties and responsibilities ("Appointment Order"). In particular, the Appointment Order, in accordance with applicable provisions of the Pennsylvania Domestic Relations Code, required and authorized the GAL to (1) meet with child; (2) have full access to the child and to the parties; (3) have full and unfettered access to relevant court records, evaluations and reports, and access to school medical and psychological records as deemed necessary; (4) be present at court proceedings; and (5) prepare a written report within 60 days of the date of the Appointment Order with recommendations relating to the best interests of the child.

The Appointment Order also established Appellant's rate of compensation at $75 per hour for out-of-court time and $100 per hour for in-court time, and provided for equal payment by Mother and Father. **See** Order, 8/21/13.

During the course of Appellant's appointment, she sent itemized bills to the parties on September 24, 2014, June 4, 2015, and January 4, 2016, in which she accounted for her time. Neither Mother nor Father disputed Appellant's invoices; however, neither remitted payment upon receipt.

On January 5, 2016, after almost thirty months of service, Appellant filed a Petition for Special Relief ("Petition") requesting that the court authorize the payment of her legal fees and costs that she incurred over the thirty months that she served as the GAL. Appellant attached to the Petition

itemized statements for her services and costs, which specified each activity in which she engaged and the amount of time she spent on the activity. The invoice totaled $19,529.31, which was broken down as attorneys' fees of $18,187.50 and costs of $1,323.00.

On the same day, January 5, 2016, the trial court terminated Appellant's appointment as GAL pursuant to Father's June 4, 2015 Motion for Termination of Appointment of GAL.[1]

Father objected to Appellant's Petition, claiming that he was dissatisfied with Appellant's services, disclosing that he had paid his current counsel approximately $40,000 for services related to this litigation, and requesting that the court order Berks County to pay the costs deemed reasonable.[2] Mother, who at the time of the hearing appeared *pro se*, did not object to Appellant's request for compensation, but did contend that Father should be solely responsible for paying for Appellant's services.

On February 11, 2016, the trial court entered an award reimbursing the Appellant for all of her costs, but only $4,000 of her legal fees. Since Appellant's legal fees were $18,187.50 and the court only awarded her $4,000, the court rejected 79% of Appellant's legal fees. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[1] The Prothonotary docketed the order terminating Appellant's appointment on January 7, 2016.

[2] Father did not disclose the amount that he had paid his previous counsel.

Appellant raises one issue in this appeal: Whether the trial court erred as a matter of law in not authorizing the payment of all of her legal fees.[3] *See* Appellant's Brief at 2.

Appellant argues that given the complexity of the case, the obligations imposed by the Appointment Order, the demands of the parties, and the obligations imposed by the *Guardian Ad Litem* for Child Statute, 23 Pa.C.S. § 5334(b), the trial court's decision was manifestly unreasonable and constituted reversible error. *Id.* at 7-17. In light of the fact that the trial court provided no specific basis to justify rejecting 79% of Appellant's legal fees, except for noting the excessive number of entries, and the number of hours and number of pages in the Appellant's invoice for legal services, we agree that the trial court's award of $4,000 was arbitrary and manifestly unreasonably.

When reviewing the propriety of the amount the trial court awards for statutorily mandated attorneys' fees, an appellate court uses an abuse of discretion standard. *Sayler v. Skutches*, 40 A.3d 135, 139 (Pa. Super. 2012) (citation and quotation omitted). "We will not find an abuse of discretion in the award of counsel fees merely because we might have reached a different conclusion. Rather, we require a showing of manifest

---

[3] Appellant does not challenge the portion of the Order awarding the Appellant costs and no other party challenged the award of costs, so we will not address the reasonableness of the amount of costs and that portion of the Order shall remain in effect. This Opinion shall focus exclusively on the award of attorneys' fees.

unreasonableness, partiality, prejudice, bias, ill-will, or such lack of support in the law or record for the award to be clearly erroneous." *Id.*

The Appointment Order is to be interpreted in accordance with the Pennsylvania Domestic Relations Code, which includes the *Guardian Ad Litem* for Child Statute, 23 Pa.C.S. § 5534. The *Guardian Ad Litem* for Child Statute requires and authorizes the GAL to, *inter alia,* meet with the child, conduct further investigation, interview potential witnesses, and make recommendations to the court. *See* 23 Pa.C.S. § 5534.

The *Guardian Ad Litem* for Child Statute also provides that the trial court "may order a party to pay all or part of the costs of appointing a *guardian ad litem*[.]" 23 Pa.C.S. § 5334(e). When considering a petition for compensation filed by a GAL, the court must consider factors such as the amount of work performed, the quality of the work, the results obtained, and the amount of the fees claimed by the GAL as compared to the fees of the attorneys representing the parties in the matter generally. *In re Greenlee's Estate*, 146 A.2d 286, 288 (Pa. 1958); *In re Kenna's Estate*, 34 A.2d 617, 619 (Pa. 1943); *In re Hallstead's Estate*, 12 A.2d 912, 912 (Pa. 1940).

In this case, Appellant's Petition included "itemized invoices explaining what work had been done, the date on which the work had been done, and the amount of time, if any, billed." Appellant's Brief at 9. After reviewing Appellant's Petition and supporting documentation, the trial court recognized

the exemplary manner in which the Appellant served as GAL, the complexity of the case, the accuracy of her invoices, and that her efforts significantly contributed to resolution of the litigation:

> Here, we recognize that the GAL was imminently [sic] qualified to serve as the child's *Guardian Ad Litem* in this very difficult case. We do not hesitate to state that the GAL fulfilled her responsibilities in an exemplary manner. Her claim that she devoted 239 hours in the course of her duties as she set forth in her itemized statement is not disputed. We believe the GAL's efforts significantly contributed to the ultimate resolution of the litigation. We are grateful for the GAL's dedication to her [c]ourt appointed duties.

Trial Ct. Op., 4/19/16, at 4.

The trial court, however, concluded that because the GAL's invoices were over forty pages long with 538 entries and described 239 hours of work, the GAL spent too much time performing her services:

> Our decision to reduce the GAL's request for compensation was in no way intended to cast dispersion [sic] on the GAL's character nor to discount the importance of the GAL in helping the parties reach a final resolution. The [c]ourt has no problem with the quality of services provided; **rather, the [c]ourt has a problem with the quantity of services provided. The GAL's "itemization of services" is forty (40) pages long with over 538 entries and describes in detail 239 hours of work.**
>
> We reduced the GAL's request for compensation because we feel she went far beyond her appointed duties and therefore her fee is excessive. We appreciate her concern for the child'[s] best interest but we cannot agree that it required her to devote a total of 239 hours to carry out her appointed responsibilities. We concluded that the GAL was overzealous and that she devoted an excessive amount of time in performing her duties, and much of the work was simply unnecessary.

\*\*\*

> . . . [W]e concluded that the GAL was overzealous and spent an inordinate amount of time where it was neither needed nor justified. . . .

*Id.* at 5-6 (emphasis added). The trial court supported the conclusion that the GAL "went far beyond her appointed duties," with a citation to only one time entry. The trial court then rejected 79% of her legal fees and authorized the payment of $4,000 for legal fees. *Id.* at 5-6.

We have reviewed the record as a whole and, in particular the invoices that the GAL submitted, and conclude that the trial court acted arbitrarily and palpably abused its discretion in summarily determining that Appellant spent too much time representing the interests of the Child and, consequently, was only entitled to be reimbursed for $4000 of her legal fees. The trial court based its conclusion upon the fact that the GAL's "itemization of services is forty (40) pages long with over 538 entries and describes in detail 239 hours of work." *Id.* at 5. The trial court failed to specify not only the manner in which the trial court arrived at the figure of $4,000, but also which services comprised the $4,000 figure.

Additionally, we note that by authorizing payment of $4,000, the trial court rejected payment of 79% of the services it characterized as "exemplary." However, the trial court failed to explain which of those services Appellant performed were outside of the scope of the Appointment Order and the *Guardian Ad Litem* for Child Statute.

We, therefore, vacate the trial court's February 11, 2016 Order. Since the trial court already found that the GAL actually spent the time listed on her invoices and that she performed the work in an exemplary manner, we remand the matter to the trial court to hold a hearing to determine for each time entry: 1) whether the Appointment Order or *Guardian Ad Litem for Child* statute, 23 Pa.C.S. § 5334(b), authorized the work; and 2) the reasonableness of the time spent on each time entry.

Order vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/26/2016</u>