J-A23019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PENNENERGY RESOURCES, LLC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WINFIELD RESOURCES, LLC. AND | : | |
| MDS ENERGY DEVELOPMENT, LLC | : | |
| | : | No. 252 WDA 2025 |
| | : | |
| APPEAL OF: MDS ENERGY | : | |
| DEVELOPMENT, LLC | : | |

Appeal from the Order Entered February 4, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-19-008604

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: December 16, 2025**

This case returns to this Court following a remand. MDS Energy Development, LLC ("MDS") challenges the trial court's order that awarded costs to PennEnergy Resources, LLC ("PennEnergy") that it incurred in the underlying appeal. We affirm.

The trial court summarized the facts as follows:

> The two entities, PennEnergy . . . and Winfield Resources, LLC ("Winfield"), entered into a joint agreement to develop gas leases in Western Pennsylvania (["]JDA["]). [The JDA contained an arbitration clause.] After entering into the original agreement, Winfield executed a Purchase and Sale Agreement ("PSA"), assigning part of [its] interest in the contract with PennEnergy to MDS Energy Development, LLC ("MDS"). MDS was the general partner of 2017 Marcellus Shale Development-LP ("MDS 2017"). MDS 2017, a limited partner, was to hold the interest obtained by MDS from Winfield. Winfield provided PennEnergy with a "Notice of

Joinder" transferring its working interest to MDS; PennEnergy rejected the transfer. PennEnergy initiated arbitration against Winfield, challenging the validity of the transfer because MDS refused to be bound by all terms of the JDA. MDS, through MDS 2017[,] attempted to transfer funds to PennEnergy to cover development costs, fulfilling Winfield's requirements. PennEnergy refused to accept funds from MDS, holding strong to [its] stance MDS needed to agree to be bound by all terms and conditions of the JDA.

MDS filed a complaint against PennEnergy in the Court of Common Pleas of Armstrong County. It alleged PennEnergy tortiously interfered with the agreement to transfer Winfield's interest to MDS. PennEnergy motioned the court to move the dispute to Arbitration with the American Arbitration Association (AAA), per the JDA. PennEnergy also sought declaratory relief, per the contract, against Winfield. MDS and Winfield requested the Armstrong County Court to stay arbitration on April 4, 2018. The motion was denied. The [c]ourt agreed with PennEnergy; the agreement contained broad arbitration language, the matter belonged in arbitration, and MDS was joined as a party to the arbitration proceedings. At that time, MDS believed [it was] only in arbitration as it pertained to the declaratory judgment action. In October, MDS and Winfield rescinded their agreement. MDS motioned the arbitrator to be dismissed from the arbitration proceeding. MDS intended to pursue [its] tortious interference claim in the Court of Common Pleas of Armstrong County. MDS' motion to dismiss was denied in December, but the arbitrator granted [it] leave to amend the pleadings to include [its] tortious interference claim. MDS obliged and amended [its] complaint. At a later date, MDS filed a supplemental counterclaim, stating [it was] directly affected by the tortious interference of PennEnergy. At the arbitration hearing[,] MDS disclosed [it] also brought the tortious interference claim on behalf of MDS 2017, in [its] capacity as the general partner.

\*\*\*

The arbitrator . . . [in paragraph five of its Final Award] awarded MDS $2.4 million in damages due to PennEnergy's tortious interference. [Paragraph five of the arbitrator's award stated as follows:

- 2 -

[PennEnergy] tortiously interfered in the contract between Winfield and MDS Energy Development. The Arbitrator may believe all or none of the expert's testimony, or part of one expert's testimony and part of another expert's testimony, in determining damages. The Arbitrator finds that MDS Energy Development was damaged by such interference in the amount of $2.4 million which sum is payable to MDS Energy Development on or before thirty days of this FINAL AWARD.]

The arbitration occurred [over four days] in Pittsburgh giving this court jurisdiction. PennEnergy petitioned this court to vacate [paragraph five of] the [arbitration] award. PennEnergy asserted that MDS recovered in the name of a third-party entity that was not a [] part of the arbitration, MDS 2017. If MDS was going to litigate on behalf of MDS 2017, MDS 2017 at minimum needed to be included in the caption. This would be in compliance with Pa.R.Civ.P. 2002. The [trial c]ourt denied PennEnergy's request, and [it] appealed the ruling [to this Court].

Trial Court Opinion, filed May 6, 2025, at 1-3 (footnotes omitted).

On appeal, this Court reversed the trial court and ordered the court to vacate paragraph five of the arbitration award. *See **PennEnergy Res., LLC v. Winfield Res., LLC***, 301 A.3d 439, 445 (Pa.Super. 2023). We noted that it was undisputed that PennEnergy and MDS 2017 did not have an arbitration agreement. We agreed with PennEnergy that the arbitrator had exceeded his powers and violated PennEnergy's due process rights by making a damages award for injuries sustained by MDS 2017, which was not subject to an arbitration agreement with PennEnergy, not properly named or joined as a party to the underlying arbitration, and not an intended third-party beneficiary under the agreement between Winfield and MDS. *Id.* at 452-62. We stated:

[T]he arbitrator's award must be vacated under Section 7314(a)(1) of the [Pennsylvania Uniform Arbitration Act]

> because the proceeding was "irregular" since PennEnergy did not receive notice that MDS was bringing this action as MDS 2017's general partner; there was no agreement to submit to arbitration any claims by MDS 2017; and the arbitrator exceeded his authority by addressing a claim over which he had no jurisdiction to arbitrate.

*Id.* at 459. We therefore remanded with instructions for the trial court to vacate paragraph five of the final award:

> Accordingly, for all these reasons, we vacate the trial court's order confirming the arbitration award and remand with instructions to vacate the arbitrator's award limited to paragraph five of the arbitrator's May 14, 2019 final award.
>
> Order reversed and remanded with instructions. Jurisdiction relinquished.

*Id.* at 462 (footnote omitted).

Upon remand, PennEnergy filed a bill of costs with the trial court pursuant to Pennsylvania Rule of Appellate Procedure 2741. PennEnergy, as the prevailing party on appeal, sought to recover costs in the amount of $120,402.89 that it had incurred in the appeal. MDS filed a motion to strike PennEnergy's bill of costs. In that same motion, MDS requested that the trial court remand the case to an arbitrator to issue a final ruling on the tortious interference claim previously resolved by paragraph five.

The trial court denied MDS's motion to strike, vacated paragraph five of the arbitration award, confirmed the remainder of the arbitration award, and awarded PennEnergy its costs in the amount of $120,402.89. *See* Order, filed 2/4/25. MDS filed the instant appeal of the court's February 4, 2025 order.

- 4 -

On April 28, 2025, this Court issued a rule to show cause upon MDS as to why its appeal should not be quashed based on the doctrine of law of the case. **See** Order, filed 4/28/25, at 3-4. We explained:

> Here, except for issues related to the award of costs on remand, the issues on appeal have been decided by this Court in the prior appeal[.]. On remand from this Court[, MDS] sought to have the trial court remand the matter to the arbitrator but this Court's July 25, 2023 Opinion did not direct such a remand. Instead, the Opinion directed the trial court to vacate paragraph 5 of the arbitration award and to affirm the arbitration award in all other respects. Therefore, it appears that [MDS] is seeking to relitigate issues raised in the prior appeal.

**Id.** at 4.

In response to the rule to show cause, MDS stated:

> [T]he Superior Court's July 25, 2023 Opinion directed the trial court to **vacate**, not reverse, paragraph 5 of the arbitration award at issue. Accordingly, there has been no determination as to MDS's tortious interference with contract claim against PennEnergy, as that portion of the arbitration award has been vacated. The Superior Court did not direct the trial court one way or another on the issue of a remand to the arbitrator, which makes the trial court's decision to deny MDS's petition to remand to the arbitrator (essentially a petition to compel arbitration on the remaining issue to be decided) ripe for review by this Court.

MDS's Letter to this Court, dated May 8, 2025, at 1 (emphasis in original).

Because we determined that the issues related to paragraph five, except for issues related to the award of costs, had been resolved in the prior appeal, this Court quashed MDS's appeal in part and directed that the appeal proceed only as to MDS's challenge to the court's award of costs to PennEnergy. **See** Order, filed 6/9/25. MDS filed an application for reconsideration, which was

denied. *See* Order, filed 7/1/25. The sole issue for our review is whether the trial court abused its discretion in awarding costs to PennEnergy. MDS frames the issue as follows:

> Whether the trial court erred as a matter of law and/or abused its discretion by denying MDS's motion to strike the costs awarded to Petitioner PennEnergy Resources, LLC, in violation of Pennsylvania Rule of Appellate Procedure 2741, the Confirmed Final Arbitration Award, and the Joint Development Agreement found applicable to both parties?

MDS's Br. at 5.

MDS first argues that the trial court based its award of costs to PennEnergy on Pa.R.A.P. 2741(4), "which was improper as a matter of law." *Id.* at 16. It maintains that the court "should have determined costs pursuant to Subsection (5) of that same Rule, since the Arbitration Award in question was 1) partially vacated, and 2) partially confirmed." *Id.* (emphasis removed). MDS maintains that since this Court reversed and remanded with instructions to vacate only one paragraph of the Final Award, the trial court should have considered PennEnergy's request under Rule 2741(5), not Rule 2741(4). *Id.* at 19. MDS argues that since the trial court failed to apply the correct Rule, we should reverse and remand. *Id.* MDS further asserts that the "trial court neither mentioned nor explained its rationale [for its award] in light of the fact that the Final Award was confirmed in all other respects, or that the trial court was instructed to vacate, not reverse, a single paragraph of the award." *Id.*

Second, MDS argues that the court abused its discretion in awarding costs because section 11 in the JDA specifically provided that each party was

to bear its own costs and fees in connection with the arbitration. *Id.* at 16. Section 11 of the JDA stated that "[e]ach party shall bear its own fees, costs and expenses incurred in connection with the arbitration, including attorneys' and experts' fees." JDA, § 11.10(h). MDS asserts that "[t]he parties agreed that they would bear their own incurred fees, costs, and expenses in connection with the arbitration" and PennEnergy's appeal of the arbitration award and its costs incurred on appeal "was unquestionably 'in connection with the arbitration.'" *Id.* at 21.

Lastly, MDS takes issue with the court's characterization that PennEnergy's appeal was "on the substantive issues" and "was not a procedural appeal." *Id.* at 22. MDS argues that since the Superior Court found an "irregularity" existed in the process employed in reaching the result of the arbitration (and not the result itself), "the Superior Court did not rule on the substantive merits of MDS's claim; *i.e.*, whether or not PennEnergy tortiously interfered with the contract between MDS and Winfield." *Id.* at 23. MDS concludes that "the final disposition of this case was based on procedural error, not substantive error, making the awarding of costs to PennEnergy improper, and the trial court abused its discretion by doing so." *Id.* at 24-25.

We review a court's award of costs for an abuse of discretion. *Sayler v. Skutches*, 40 A.3d 135, 141 (Pa.Super. 2012).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or

ill-will, as shown by the evidence or the record, discretion is abused.

***Id.*** (citation omitted).

Pennsylvania Rule of Appellate Procedure 2741 provides that a prevailing party on appeal may recover costs. It states, in relevant part:

Except as otherwise provided by law:

***

(4) If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the liability for costs shall follow the final judgment in such second or other matter relating to the same cause of action.

(5) If an order is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

Pa.R.A.P. 2741(4), (5).

Here, the trial court found that "[b]ill of costs are properly awarded to PennEnergy because of [its] successful appeal[] on the substantive issues[.]" Trial Ct. Op. at 15. The court did not abuse its discretion. Since this Court reversed the trial court's order in the underlying appeal and did not instruct that a new trial be held or contemplate any further arbitration proceedings, Rule 2741(4) mandated that costs be taxed in favor of PennEnergy as the prevailing party and against MDS. Indeed, as we recognized in our order filed on April 28, 2025, this Court did not direct a remand but rather directed the trial court to vacate paragraph five of the arbitration award and to affirm the arbitration award in all other respects. Notably, MDS does not contest that

PennEnergy incurred the costs, the amount of the costs, or that PennEnergy was the prevailing party on appeal. Furthermore, even if Rule 2741(5) applied, MDS fails to explain why the trial court's order awarding costs was an abuse of discretion. Although Section 11 of the JDA stated that each party was to bear its own costs incurred in connection with the arbitration, the trial court was nevertheless permitted to award costs incurred on appeal pursuant to Rule 2741. Accordingly, we affirm the court's order awarding costs to PennEnergy.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/16/2025